**Bob HEATH, Appellant,**

v.

**Glen Earl HERRON, Appellee.**

**No. A14–86–517–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 11, 1987.

Rehearing Denied July 7, 1987.

Robert Heath, Houston, for appellant.

J.L. Culpepper, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment entered against appellant (Heath or appellant) in a legal malpractice suit brought by appellee (Herron or appellee) alleging negligence and violations of the Texas Deceptive Trade Practices Act. We affirm the trial court's judgment except as to the award of damages and attorney's fees under the DTPA claim and those damages awarded for mental anguish under the negligence claim.

Appellee retained appellant to represent him as sole defense counsel in a suit filed by Neil Beene, who sought a dissolution and accounting of monies and property under partnerships and other business relationships with appellee (hereafter the Beene/Herron suit). In particular, Beene alleged that in 1977 he and appellee entered into a written partnership agreement whereby each was to share an interest in the Jerry Dominy, Trustee, tract of land. Beene's petition further alleged that in 1978 he and appellee entered into an oral agreement of partnership whereby Beene was to pay appellee one-half of all profits received by Beene for the construction of the Houston Northwest Professional Building in return for one-half of appellee's ownership interest in the building.

Appellant, on behalf of appellee, filed an answer denying "that there was ever any

agreement finally consumated [sic] between the Plaintiff and Defendant concerning any 1977 written partnership agreement" and denying "that any oral agreement was entered into in 1978" between Plaintiff and Defendant concerning the Houston Northwest Professional Building. This answer was not verified.

Trial proceeded before a jury. At the conclusion of the presentation of Beene's evidence, Beene moved for an "instructed verdict" requesting that all testimony offered by appellee contradicting the existence of partnerships be stricken from the record as appellee had failed to verify his answer as required by Tex.R.Civ.P. 93(f). The motion further requested the trial court to instruct the jury to return a verdict that established Beene and appellee as partners in the Houston Northwest Professional Building, the Jerry Dominy tract and two other properties located in Limestone County. Understanding that the trial court was inclined to grant the motion, appellee decided to settle with Beene. The settlement, approved by the court, resulted in a judgment dissolving the alleged partnerships and awarding $250,000.00 to Beene from funds held in escrow pending trial deposited by Sumed, Inc., the management company for the alleged partnership in the Northwest Professional Building. The final judgment further awarded to Beene several parcels of land in which he claimed an interest.

Appellee complied with the settlement agreement, then filed his legal malpractice suit against appellant alleging negligence and violations of the DTPA (hereafter the Herron/Heath or malpractice suit). Trial was to the jury, which answered special issues favorably to appellee on both claims. Judgment was entered awarding appellee $298,308.58 in actual damages, $2,000.00 under the DTPA claim, $25,000.00 in attorney's fees, and pre- and postjudgment interest. It is from this judgment that appellant appeals.

■ Appellant brings 74 points of error. In points of error 1, 2, 5 and 17 appellant contends the trial court erred in failing to grant his Motion for Directed Verdict because, as a matter of law, appellee's introduction into evidence of the trial pleadings and judgment from the Beene/Herron suit act as collateral or judicial estoppel on the issue of partnership in the Herron/Heath suit. Appellant further contends that the settlement of the Beene/Herron suit bars appellee from bringing suit against appellant for legal malpractice according to the election doctrine.

We find these pleas in bar inapplicable. Appellee's introduction into evidence of the trial pleadings from the Beene/Herron suit does not act as a judicial admission of the truth of the matters contained therein; a party is not conclusively bound by the introduction of his opponent's pleadings and may disprove any facts in a document he introduced. *Pope v. Darcey*, 667 S.W.2d 270, 274 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Nor does collateral estoppel bar relitigation of the issue of the existence of a partnership between Beene and appellee. The facts concerning this issue were not fully and fairly litigated in the Beene/Herron lawsuit since appellant failed to verify a denial of partnership; nor were appellant and appellee cast as adversaries in that action. *See Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984).

The election doctrine may constitute a bar to relief when (1) one successfully exercises an informed choice (2) between two or more remedies, rights or states of facts (3) which are so inconsistent as to (4) constitute manifest injustice. *Bocanegra v. Aetna Life Insurance Co.*, 605 S.W.2d 848, 851 (Tex.1980). Contrary to appellant's assertion otherwise, appellee denied throughout both trials that a partnership existed as to the Jerry Dominy tract and the Northwest Professional Building. Nor is this court convinced that appellee made his decision to settle with a full and clear understanding of the problem, facts and remedies essential to the exercise of an intelligent choice. Appellee testified that appellant told him that his case was lost because of appellant's pleading mistake and that, while they could try the case and hope for

different results on appeal, Beene was ready to settle and that was probably what appellee should do. Appellee further testified that he did not understand the legal significance of what appellant was telling him and was relying on appellant to make the legal decision on what course to pursue. Under these circumstances appellee's decision to settle does not act as a bar to the later malpractice suit. Points of error 1, 2, 5 and 17 are overruled.

In points of error 6–9 and 28 appellant contends the trial court erred in failing to grant his Motions for Directed Verdict and New Trial because appellant had no duty to plead and have appellee verify a denial of partnership or failure of consideration.

 In order to establish tort liability, a plaintiff must initially prove the existence and breach of a duty owed to him by the defendant. *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex.1983). Appellant argues that as appellee's attorney in the Beene/Herron lawsuit he had no duty to file a verified denial of partnership or failure of consideration with appellee's trial pleading because Beene's pleadings did not allege partnership nor was failure of consideration made an issue by Beene. Appellant further contends that no verified denial was required as a matter of law because there is no statutory or case authority in this state mandating that certain steps be taken in preparing a defense.

The two main issues in the Beene/Herron suit are contained within paragraphs V and VI of Beene's second amended petition. Paragraph V states that:

In 1977, Plaintiff and Defendant, GLEN EARL HERRON, entered into a written partnership agreement whereby each party was to share a one-half (½) undivided interest in a ten per cent (10%) interest in the JERRY DOMINY, TRUSTEE, tract of land. A copy of this written partnership agreement is attached as Exhibit "D" and included herein for all purposes verbatim.

Paragraph VI states that:

In 1978, Plaintiff and Defendant, GLEN EARL HERRON entered into an oral agreement of partnership whereby Plain-tiff was to pay said Defendant one-half (½) of all profits received by Plaintiff for the construction of a building known as Houston Northwest Professional Building, in return for one-half (½) of Defendant, GLEN EARL HERRON'S twenty per cent (20%) ownership interest in the building.

Tex.R.Civ.P. 93 (Vernon 1979) provides that "A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit. . . . (f) A denial of partnership as alleged in any pleading as to any party to the suit."

Appellant insists that these pleadings do not require a verified denial because the nature of the relationship between Beene and appellee was not the controlling issue, particularly as appellee acknowledged the existence of some partnerships with Beene, while Beene in other parts of his pleading labelled his business relationships with appellee as "joint ventures." Thus, appellant argues, the "truth of such matters appear of record" and need not be verified under Rule 93.

Appellant further contends that the true issues raised by Beene's petition had to do with whether certain agreements between the two were carried out, not the identity of the relationship between the two; therefore he should have been allowed to defend appellee's case without addressing the partnership issue.

We are not persuaded by appellant's "no duty" argument. A lawyer is required under the Texas Code of Professional Responsibility to represent a client competently, and this includes a mandate that the lawyer shall not handle a legal matter without adequate preparation under the circumstances. Under the pleadings in effect at the time of trial, Beene clearly alleged the existence of a partnership with appellee in paragraphs V and VI concerning the Jerry Dominy tract and the Northwest Professional Building. Equally clear from appellee's testimony is that he maintained throughout the Beene/Herron suit and the malpractice suit that no such partnership existed. The failure by appellant to file the

verified denial required by Rule 93 deprived appellee of a viable defense in the Beene/Herron suit, since the failure to deny partnership status by a verified denial results in an admission of the existence of a partnership which cannot be controverted at trial. *Washburn v. Krenek*, 684 S.W.2d 187, 191 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Nor was appellant's omission a mere error in judgment for which he would not be held liable since he admitted in testimony that he would have filed a verified denial had he thought of it.

We therefore hold that appellant had a duty under the circumstances to file a verified denial of partnership and failure of consideration on behalf of appellee in the Beene/Herron suit. Points of error 6–9 and 28 are overruled.

■ In points of error 4, 10, 11, 19, 20, 30, 32–47, 55 and 56, appellant challenges the factual and legal sufficiency of the evidence to support the jury's answers to Special Issue Nos. 2, 3 and 4. In these issues the jury found numerous omissions by appellant in his representation of appellee in the Beene/Herron suit to be negligent conduct and that such negligence was a proximate cause of damage to appellee. These omissions included the failures to file verified denials denying partnership and failure of consideration, to properly prepare appellee's defense for trial, to properly represent appellee during trial, to properly counsel and advise appellee concerning his defense, and to properly counsel and warn appellee concerning the risks of loss involved in the Beene/Herron trial.

Appellant's briefing obligations do not end with a statement of his points of error. He has the further burden to show that the record supports his contentions and to point out the place in the record where the matters upon which he relies are shown. *Perez v. Baker Packers*, 694 S.W.2d 138, 142 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Appellant's few references to the record do not meet this burden. We also note that nowhere in his voluminous brief does appellant cite the applicable standards of review for these points of error.

When reviewing legal sufficiency points of error, this court must consider only the evidence and the inferences tending to support the findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In considering factual insufficiency points of error, we are required to consider and weigh all of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

A review of the evidence shows these points to be without merit even with proper briefing by appellant. With respect to Special Issue No. 2 concerning whether appellant failed to do certain acts on behalf of appellee in the Beene/Herron suit, it is uncontested that appellant failed to file a verified denial of partnership and failure of consideration. Concerning the failures to properly prepare appellee's defense, to properly represent appellee during the trial and to properly counsel appellee concerning his defense and the risks of loss involved, the record reflects that appellant submitted to Beene no interrogatories, requests for admission nor production of documents, did not depose any witnesses or Beene, did not attend two depositions taken by Beene, sought no records from anyone but appellee and did not prepare what records he did obtain in admissible form. During trial appellant did not seek a trial amendment even after the trial court indicated it would sustain Beene's motion to exclude all testimony on the partnership issue because of the failure to file a verified denial. Appellee testified that at no time did appellant consult with him on his trial strategy or advise him on the merits of his suit. Appellant testified that the reason he did not file a verified denial was because he did not think to do it, that it was an oversight, and that he probably would have done it had he thought to do so. Appellee testified that appellant told him he might well have a malpractice case against him for failing to verify the denial.

The jury found these omissions to be negligent conduct in answers to Special

Issue No. 3. David Lueders, an attorney called by appellee as an expert witness in the malpractice case, testified that the organization of facts was essential to the preparation of appellee's defense in the Beene/Herron suit and that appellant did not conduct the pretrial discovery that he should have. Lueders further testified that appellant should have advised appellee of the state of the evidence and how the law would affect the issues, and should have evaluated the probable outcome of the trial so that appellee could properly evaluate the risks of loss involved. Finally, Lueders testified that appellant's failure to verify the denials was negligent and that appellee was not properly represented. Appellant raised no objection to this testimony nor did he object to Lueders' qualifications as an expert witness. Concerning the proximate cause issue in Special Issue No. 4, the record indicates that no settlement negotiations were undertaken prior to the indication by the trial court that appellee would not be permitted to present evidence on the issue of partnership. In addition, Vernon Hankins, Beene's counsel, testified at the malpractice trial that appellant's failure to file a verified denial effectively destroyed appellee's trial strategy and his basis for strength in negotiating a settlement.

The jury had before it sufficient evidence to answer the contested issues affirmatively. Points of error 4, 10, 11, 19, 20, 30, 32–42, 55 and 56 are overruled.

In points of error 12, 18 and 29 appellant asserts that the jury's answer to Special Issue No. 1 should have been disregarded because the issue of whether appellee had a meritorious defense in the Beene/Herron suit is immaterial in deciding whether appellant's acts were negligent and the proximate cause of injury to appellee. In related points of error 21, 48, 70 and 72 appellant contends the evidence does not support an award of damages under a negligence theory.

■ In order to support a malpractice recovery against an attorney, it is necessary that the client establish that he had a meritorious defense to the suit filed by

Beene. *Rice v. Forestier,* 415 S.W.2d 711, 713 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.). A meritorious defense is one that, if proved, would cause a different result upon retrial of the case. *Martin v. Allman,* 668 S.W.2d 795, 797 (Tex.App.—Dallas 1984, no writ).

While we agree with appellant that appellee had the burden of proving what would have happened in the Beene/Herron suit had special issues been submitted and answered, and that the proper measure of damages would have been the difference between the value of the settlement handled properly and improperly, appellant did not object to the submission of Special Issue No. 1, nor did he submit issues on the correct measure of damages. While appellant did submit instructions to be included with Special Issue No. 9 concerning the proper measure of damages, his request was not made separate from his objections to the court's charge as required by Tex.R. Civ.P. 273. *See Woods v. Crane Carrier Co.,* 693 S.W.2d 377, 379 (Tex.1985). Points of error 12, 18, 21, 29, 48, 70 and 72 are overruled.

■ In point of error 49 appellant contends the trial court erred in failing to grant his Motion to Reform the Judgment on grounds that the evidence is legally insufficient to support the jury's award of $10,000.00 for mental anguish. Appellee concedes that no Texas court to date has awarded mental anguish damages in a legal malpractice suit, but suggests this court do so by comparing legal malpractice to medical malpractice. Appellee further cites recent cases in which the Texas Supreme Court has eliminated the requirement of a physical manifestation of injury to recover for mental anguish. *See St. Elizabeth Hospital v. Garrard,* 730 S.W.2d 649 (Tex.1987); *Moore v. Lillebo,* 722 S.W.2d 683 (Tex.1986). We choose to decline appellee's offer and hold that emotional distress damages should not be awarded in legal malpractice cases at least in the absence of egregious or extraordinary circumstances. *See Gautam v. De Luca,* 215 N.J.Super. 388, 521 A.2d 1343 (1987). Appellant's point of error 49 is sustained.

In points of error 22, 52 and 68 appellant contends the trial court erred in entering judgment for appellee on the DTPA claim because appellee failed to prove a cause of action under the DTPA as a matter of law. We agree. The jury found in Special Issue No. 10 that appellant represented to appellee that he was adequately prepared for trial in the Beene/Herron lawsuit when appellant was not adequately prepared.

Appellee contends that appellant's announcement of "ready" in open court at the commencement of the Beene/Herron suit was a false representation to appellee that the characteristics and quality of his legal services were such that appellee's defense was prepared and appellant was competent to begin trial, and that this misrepresentation gave rise to a cause of action under sections 17.46(a) and (b) of the DTPA. We are aware that legal services are actionable under the DTPA. *See, e.g., DeBakey v. Staggs*, 612 S.W.2d 924 (Tex.1981). We are not willing, however, to go so far as to say that an announcement of "ready" in open court with later adverse results constitutes the basis for a DTPA claim. As appellee's DTPA cause of action fails as a matter of law, the trial court erred in entering judgment based on this claim and in awarding attorney's fees. We sustain points of error 22, 52 and 68.

We affirm the trial court's judgment except as to the award to appellee of $10,-000.00 in damages for mental anguish, $2,000.00 in DTPA damages, and attorney's fees. As to these we reverse and render judgment that appellee take nothing. All other points are overruled. The trial court's judgment is affirmed in part and reversed and rendered in part.