MOSAGA, S.A., Appellant,

v.

BAKER & BOTTS and H. Suzanne Thomas, Appellees.

No. 11–89–218–CV.

Court of Appeals of Texas, Eastland.

Nov. 9, 1989.

Rehearing Denied Dec. 7, 1989.

Roy K. Ewart, David B. Black, Black & Ewart, Houston, for appellant.

David M. Bond, Vinson & Elkins, Houston, for appellees.

## OPINION

DICKENSON, Justice.

This is a summary judgment case in which a former client sued its lawyer and her employer for legal malpractice. The trial court granted the defendants' motion for summary judgment after the former client failed to list the names of any expert witnesses prior to the discovery deadline. We reverse and remand.[1]

Mosaga, S.A. is a foreign corporation[2] that consulted H. Suzanne Thomas, an attorney who was then employed as an associate by the Baker & Botts law firm. Ms. Thomas prepared a "Referral Services

Agreement" at the request of Mosaga, S.A. The agreement was executed as of January 1, 1981, and it provided for the payment by Woodside, Inc. (a Texas corporation "engaged in the business of buying and selling real property in Texas") of "35% of the gross sales commission" received by Woodside, Inc. from sales of "real property in Texas" to persons who were referred to Woodside, Inc. by Mosaga, S.A.

One of the real estate investors who purchased property from Woodside, Inc. subsequently sued Woodside, Inc., Mosaga, S.A., and others; the suit alleged common-law fraud, statutory fraud, breach of a confidential and fiduciary relationship, breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices–Consumer Protection Act, and violation of the Texas Real Estate License Act; and the amended petition alleged actual damages of not less than $375,000, sought exemplary damages of at least $3,000,000, and requested attorneys' fees in the sum of at least $150,000.

Mosaga, S.A. filed a third-party action against Baker & Botts and its former associate, Ms. Thomas, alleging that third-party defendants "should not have prepared" the agreement if it was improper or illegal and that they "negligently failed to advise Mosaga" if the agreement was improper or illegal.

Third-party defendants, Baker & Botts and Ms. Thomas, moved for summary judgment that Mosaga, S.A. take nothing against them after Mosaga, S.A. failed to list the names of any expert witnesses prior to the deadline imposed by a docket control order which had been entered pursuant to TEX.R.CIV.P. 166. That summary judgment was granted on January 5, 1988, and the third-party action was subsequently severed and docketed as a separate cause of action on May 9, 1988.

1. This appeal was transferred from the 1st Houston Court of Appeals to this Court pursuant to TEX. GOV'T CODE ANN. sec. 73.001 (Vernon 1988).

2. Mosaga, S.A. filed a petition in bankruptcy in the United States Bankruptcy Court for the District of Arizona, Cause No. 88–3010; however, these proceedings were not stayed because Mosaga, S.A. is plaintiff as to the cause of action asserted in this appeal. See, e.g., *Freeman v. Commissioner of Internal Revenue*, 799 F.2d 1091 at 1093 (5th Cir.1986).

Mosaga, S.A. timely filed its brief as appellant, and it asserts a single point of error, arguing: "The trial court erred in granting the motion for summary judgment." We agree.

Appellant's response to the motion for summary judgment was sufficient under *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 at 678 (Tex. 1979), to "fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion." Those issues, as quoted from appellant's response to the motion for summary judgment, are:

[T]hat Third–Party Defendants were negligent:

1. in failing to advise Mosaga that the Referral Services Agreement was improper and illegal, and would or may reflect or evidence a conspiracy to defraud or damage the Plaintiffs.

2. in preparing the Referral Services Agreement if it is improper or illegal, as Third–Party Defendants should have known this, and further that it would or may reflect or evidence a conspiracy to defraud or damage the Plaintiffs.

*Clear Creek Basin Authority*, supra at 678, makes it clear that: (1) the movant must still assume the burden of "conclusively proving all essential elements of his cause of action or defense as a matter of law" in order to obtain a summary judgment; and (2) the non-movant's failure to produce summary judgment proof "cannot supply by default" the summary judgment proof which is necessary in order to establish the movants' right to summary judgment.

Movants' position seems to be that the former client cannot prove legal malpractice without expert testimony and that since no expert witnesses were listed before the discovery deadline, the former client cannot prevail. See "Annotation: Admissibility and Necessity of Expert Evidence as to Standards of Practice and Negligence in Malpractice Action Against Attorney," 14 A.L.R. (4th Ed.) 170–203 (1982).

The Texas Supreme Court discussed attorney malpractice in *Cosgrove v. Grimes*, 774 S.W.2d 662 at 665 (Tex.1989), and stated:

If an attorney makes a decision which a reasonably prudent attorney could make in the same or similar circumstance, it is not an act of negligence even if the result is undesirable. Attorneys cannot be held strictly liable for all of their clients' unfulfilled expectations. An attorney who makes a reasonable decision in the handling of a case may not be held liable if the decision later proves to be imperfect. *The standard is an objective exercise of professional judgment, not the subjective belief that his acts are in good faith.* To the extent that some Texas courts have recognized an exception to attorney negligence based on the subjective good faith of the attorney, those cases are disapproved. (Emphasis added)

The motion for summary judgment is based upon an affidavit from Ms. Thomas in which she stated that in connection with her representation of Mosaga, S.A. she "did not act below" the standard of legal care prevailing in Harris County in 1981 with regard to the drafting of agreements and "was not negligent in any way." Movants, as appellees, rely upon that portion of TEX.R.CIV.P. 166a(c) which states:

A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

The affidavit states in some detail the work which Ms. Thomas did for Mosaga, S.A. The affidavit does not conclusively establish movants' defense as a matter of law. Expert opinion testimony is not needed to raise a fact issue as to whether Ms. Thomas was negligent in preparing the "Referral Services Agreement." That agreement clearly violated the provisions of the Real Estate License Act, TEX.REV.CIV.STAT. ANN. art. 6573a (Vernon Supp.1989), by

providing for the division of real estate commissions with a party which is not a licensed real estate agent. *Millhouse v. Wiesenthal*, 775 S.W.2d 626 (Tex.1989), makes it clear that, with the exception of appellate legal malpractice, the determination of attorney negligence and the amount of damages proximately caused by such negligence are questions of fact, not questions of law.

The summary judgment is reversed, and the cause is remanded.