TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00003-CV







John H. Biggar, Appellant



v.



Adrian M. Overstreet and Overstreet, Winn & Edwards, P.C., Appellees









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 93-05891, HONORABLE JERRY DELLANA, JUDGE PRESIDING








 John H. Biggar appeals from a summary judgment rendered against him in his legal
malpractice action against Adrian M. Overstreet and Overstreet, Winn & Edwards, P.C.
("Overstreet"). We will reverse the trial-court judgment and remand the cause to the trial court. 


THE CONTROVERSY


 In 1985, Biggar executed and delivered his promissory note payable to National
Fidelity Life Insurance Company ("NFLIC") and secured by a mortgage on real property. After
Biggar's default and NFLIC's threat to foreclose its lien, Biggar and NFLIC agreed that upon
foreclosure NFLIC would bid at least seventy-five percent of the value of the property as assessed
in a Master Appraisal Institute ("MAI") appraisal. The mortgage was foreclosed. Biggar hired
Overstreet to defend him in a subsequent suit by NFLIC seeking a deficiency judgment. 

 The central issue in that suit was whether the appraisal used by NFLIC to determine
the value of the property was an MAI appraisal. The trial court excluded a portion of the
testimony of Biggar's appraisal expert, Mr. W.F. Smith, because in his pre-trial deposition Smith
testified that he had not yet been retained as an expert to review the appraisal, but if he were
subsequently asked to render an expert opinion, he would notify opposing counsel in order that
he might be deposed again. Opposing counsel was never so notified, however, and part of
Smith's testimony was excluded. Smith was the only expert that Biggar called. Overstreet made
a bill of exceptions regarding the excluded testimony. The jury found that NFLIC did not fail to
secure an MAI appraisal. The trial court rendered judgment against Biggar. On appeal, this
Court, in an unpublished opinion, held that the trial court did not abuse its discretion by refusing
to permit Smith to testify as a sanction for failure to supplement discovery, stating that even if the
exclusion was erroneous, it constituted harmless error. Biggar v. National Fidelity Life Ins. Co.,
No. 3-91-278-CV, slip op. at 6 (Tex. App.--Austin Aug. 12, 1992, writ denied) (not designated
for publication). 

 After the appeal, Biggar instituted a legal malpractice suit against Overstreet,
alleging negligence and gross negligence. Overstreet moved for summary judgment. In one point
of error, Biggar complains the trial court erred in granting Overstreet's motion for summary
judgment because Overstreet's affidavit did not constitute competent summary-judgment evidence,
Overstreet's affidavit was contradicted by evidence offered by Biggar, and this Court's
unpublished decision was neither competent evidence nor dispositive on the issue of causation.



COURT OF APPEALS DECISION


 The parties disagree over whether this Court's previous opinion deciding the
underlying case constitutes competent summary-judgment evidence and if it conclusively negates
causation. In pertinent part, the unpublished opinion states: "In any event, even if erroneous,
the exclusion of Smith's testimony was harmless error for two reasons. First, in his bill of
exception, Biggar failed to ask Smith the question to which National objected. Second, the
testimony elicited in the bill was subsequently elicited in front of the jury." Biggar, slip op. at
6.

 Rule 90(i) provides that "[u]npublished opinions shall not be cited as authority by
counsel or by a court." Tex. R. App. P. 90(i). It is unclear whether a court can rely on an
unpublished court of appeals opinion deciding the underlying suit upon which a legal malpractice
action is based. However, rule 90(i) has been interpreted to mean only that an unpublished
opinion has no stare decisis value. Bullock v. Sage Energy Co., 728 S.W.2d 465, 469 (Tex.
App.--Austin 1987, writ ref'd n.r.e.). Stare decisis, the policy of adhering to precedent, differs
considerably from the preclusion doctrines of res judicata and collateral estoppel. Horne v.
Moody, 146 S.W.2d 505, 509 (Tex. Civ. App.--San Antonio 1940, no writ). "The rule of stare
decisis has reference only to questions of law; it involves no element of estoppel, and it operates
upon all persons, and not merely the parties to the particular proceeding and their privies." Id.

 In the instant cause, the issue is not one of stare decisis, but one of collateral
estoppel. Therefore, we must determine whether the issue of proximate cause has been
conclusively determined by examining the three elements of collateral estoppel as they relate to
the harmless-error analysis in our unpublished decision. Collateral estoppel may be invoked if
(1) the facts sought to be litigated in the prior action were fully and fairly litigated; (2) those facts
were essential to the judgment in the prior action; and (3) the parties were cast as adversaries in
the prior action. Eagle Properties, Ltd. v. Scharbauer, 807 S.W.2d 714, 721 (Tex. 1990);
Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816, 818 (Tex. 1984). The burden of proof rests
on Overstreet, the party who seeks to invoke the doctrine of collateral estoppel. Bonniwell, 663
S.W.2d at 820.

 We find difficulty with the attempted application of collateral estoppel for several
reasons. First, the assertion of collateral estoppel must fail because the parties to the malpractice
suit were not adversaries in the earlier suit. Heath v. Hearon, 732 S.W.2d 748, 750 (Tex.
App.--Houston [14th Dist.] 1987, writ denied); McPherson v. Stovall, 603 S.W.2d 375, 377 (Tex.
Civ. App.--Waco, 1980, no writ). Mutuality of parties is not required for the invocation of
collateral estoppel. However, collateral estoppel can only be asserted against a party who was
a former party or was in privity with a former party in the prior litigation, provided that the party
had a full and fair opportunity to litigate the particular issue in the prior suit. Scharbauer, 807
S.W.2d at 721. The issue decided in the first suit only concerned whether the trial court abused
its discretion in excluding the testimony of Smith, Biggar's expert witness. We found no abuse
of discretion. Additionally, the exclusion was found harmless because: (1) Overstreet failed to
ask Smith in his bill of exceptions the question to which National objected at trial, and (2)
everything in the bill was later elicited in front of the jury. The opinion did not address whether
Overstreet was negligent in tendering the bill or whether he was negligent as Biggar claims in his
malpractice action. (1) Overstreet has not shown that the facts sought to be litigated in the present
cause were fully and fairly litigated in the prior action, nor has he shown that a harmless-error
analysis was essential to the judgment in the underlying suit. Under these circumstances, the
doctrine of collateral estoppel is unavailable to determine the issue of proximate cause.



OVERSTREET'S AFFIDAVIT


 Biggar contends that Overstreet's affidavit is deficient because it is based wholly
upon conclusory statements. Summary judgment based upon the affidavit of an interested expert
witness may be upheld if the affidavit meets the requirements of rule 166a of the Texas Rules of
Civil Procedure. (2) Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991); Shook v. Herman, 759
S.W.2d 743, 746-47 (Tex. App.--Dallas 1988, writ denied). However, summary judgment will
not be upheld if the interested expert testimony is comprised of only conclusory statements
regarding the law. Anderson, 808 S.W.2d at 55; Hidalgo v. Surety Sav. & Loan Ass'n, 487
S.W.2d 702, 703 (Tex. 1972); Vinklarek v. Cane, 691 S.W.2d 108, 111 (Tex. App.--Austin 1985,
writ ref'd n.r.e.). 

 In Anderson, a legal malpractice action, the defendant attorney filed a motion for
summary judgment supported by his uncontroverted affidavit, which stated in part:



I have reviewed the Plaintiff's Original Petition, my file and the relevant and
material documents filed with the Court, and it is clear that I acted properly and
in the best interest of Mrs. Jimmie F. Anderson when I represented her, and that
I have not violated the [DTPA]. I did not breach my contract with Mrs. Jimmie
F. Anderson, and have not been guilty of any negligence or malpractice. Mrs.
Jimmie F. Anderson has suffered no damages or legal injury as a result of my
representation of her.



Anderson, 808 S.W.2d at 54. This affidavit was found to be conclusory because it did not include
the legal basis or reasoning for the attorney's opinion. Without this information, the attorney's
affidavit constituted only a sworn denial of Anderson's claims. Id. at 55.

 The pertinent part of Overstreet's affidavit states:



[T]he legal services provided . . . in the preparation, designation of experts,
presentation and trial . . . fell within the standard of care required . . . in Travis
County. Notwithstanding, the Court's exclusion of some of the expert witnesses'
testimony, the same testimony was elicited in front of the jury. In my opinion it
was prudent and within the standard of care to use only one expert witness on the
issue of whether a certain appraisal constituted an "MAI appraisal," as having
more than one expert on that issue would have led to the possibility of
contradictory and confusing testimony before the jury. In my opinion, the jury
heard, and rejected, our expert's opinion that the appraisal in question was not an
MAI appraisal.



(Emphasis added.)

 Biggar countered Overstreet's affidavit with the affidavit of C.L. Ray, which stated
in part that the excluded testimony was "an issue central to any decision in the case," and that
Overstreet breached his duty to supplement seasonably his discovery responses and that "it was
reasonably foreseeable that the failure to supplement would result in the exclusion of the expert's
opinion and that such breach was the cause in fact for the trial court's exclusion of Mr. Smith's
testimony and opinion on the . . . appraisal."

 This record does not reveal what evidence the jury actually heard. Since we have
determined that the previous opinion of this Court does not negate the element of proximate cause,
Overstreet's motion for summary judgment must find support elsewhere in the record. Overstreet
contends that his affidavit negates causation by stating that the excluded testimony was elicited in
front of the jury and the jury rejected Smith's opinion that the appraisal was not an MAI appraisal. 
These statements, however, are factual issues to be determined by the jury. They are not issues
of "which the trier of fact must be guided solely by the opinion testimony of experts." Tex. R.
Civ. P. 166a(c). See also Mosaga, S.A. v. Baker & Botts, 780 S.W.2d 3, 5 (Tex. App.--Eastland
1989, no writ) (expert testimony not needed to raise fact issue as to whether attorney negligently
prepared referral agreement as jury could easily determine that the agreement violated provisions
of the Real Estate License Act). In a legal malpractice action based on an attorney's negligence
in the trial court, (3) the determination of negligence is generally a question of fact for the jury. 
Millhouse v. Wiesenthal, 775 S.W.2d 626, 627 (Tex. 1989); Rhodes v. Batilla, 848 S.W.2d 833,
840 (Tex. App.--Houston [14th Dist.] 1993, writ denied); Mosaga, 780 S.W.2d at 6. Ordinarily,
after the jury makes its factual determinations, the trial court decides whether the facts establish
legal malpractice as a matter of law. Rhodes, 848 S.W.2d at 840. The trier-of-fact is in a better
position to determine precisely what testimony was elicited in front of the previous jury, than is
this Court working without a record of the trial. Under these facts, the determination of
proximate cause is a question of fact, not an issue to be decided as a matter of law. Millhouse,
775 S.W.2d at 627; Rhodes, 848 S.W.2d at 840; Mosaga, 780 S.W.2d at 6.



 CONCLUSION


 We hold that there is a genuine issue of material fact regarding whether the jury
heard and rejected testimony that the appraisal was not an MAI appraisal and thus whether
Overstreet's handling of the expert witness proximately caused Biggar's damages as a matter of
law. We reverse the trial-court judgment and remand the cause to that court.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Remanded

Filed: March 15, 1995

Do Not Publish

1.   Specifically, Biggar alleges Overstreet was negligent in:


a) failing properly and adequately to prepare Smith for his deposition
testimony or, in the alternative, for failing to instruct Smith that a key
part of his expert testimony was whether the Appraisal constituted a
current MAI appraisal;


b) failing properly to supplement Smith's interrogatory answers in
compliance with Texas Rule of Civil Procedure 166b(6);


c) failing to notify NFLIC's attorneys following Smith's deposition that
Smith would testify at trial that the Appraisal was not a current MAI
appraisal;


d) failing to designate other expert witnesses to testify on Biggar's behalf
regarding if the Appraisal was a current MAI appraisal;


e) failing to make an adequate bill of exception regarding the trial court's
exclusion of Smith's testimony;


f) failing to elicit from Smith during his bill of exception the answer to the
question National objected to at trial;


g) failing to seek leave to show cause why Smith should be permitted to
testify that the Appraisal was not a current MAI appraisal;


h) failing to seek leave to show cause why other expert witnesses should be
permitted to testify on the issue of whether the Appraisal was not a
current MAI appraisal; 


i) failing to advise Biggar before trial that Smith's testimony might be
excluded thereby enabling Biggar to seek settlement of National's claim
prior to trial;


j) failing to develop evidence that the Appraisal was not conducted before
the foreclosure date.
2.   Rule 166a(c), in part, provides that: 


A summary judgment may be based on uncontroverted testimonial evidence
of an interested witness, or of an expert witness as to subject matter
concerning which the trier of fact must be guided solely by the opinion
testimony of experts, if the testimony of the interested witness is clear,
positive and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted. 


Tex. R. Civ. P. 166a(c).
3.   Each allegation of negligence arose from Overstreet's pre-trial and trial
performance. However, "in cases of appellate legal malpractice, where the issue of
causation hinges on the possible outcome of an appeal, the issue is to be resolved by the
court as question of law." Millhouse v. Wiesenthal, 775 S.W.2d 626, 628 (Tex. 1989).