**C. F. BRAUN & CO., a corporation, Plaintiff-Appellant,**

v.

**OKLAHOMA GAS & ELECTRIC CO., a corporation, Defendant-Appellee.**

No. 78–1409.

United States Court of Appeals, Tenth Circuit.

Submitted Jan. 4, 1979.

Decided July 30, 1979.

John R. Robertson, Jr., of George, Kenan, Robertson & Lindsey, Anthony F. Maguire, Oklahoma City, Okl. and Louis M. Wyckoff, of C. F. Braun & Co., Alhambra, Cal., for plaintiff-appellant.

James E. Kifer, Paul Walters, and J. O. Edwards, Jr., Oklahoma City, Okl., for defendant-appellee.

Before LEWIS, McWILLIAMS and McKAY, Circuit Judges.

LEWIS, Circuit Judge.

The dispute giving rise to this appeal centers around a pricing provision in a contract executed by the parties on October 30, 1970. The contract provides that the plaintiff, C. F. Braun & Co., will produce and sell natural gas from its wells to the defendant, Oklahoma Gas & Electric Co. Although the sale of gas from four of the wells covered by the contract is not subject to price regulation by the Federal Power Commission (hereinafter referred to as FPC), article 8.1 of the contract ties an alternative price for gas sold under the contract to the FPC price regulation. The provision reads:

> In the event the Federal Power Commission, in the exercise of its authority to regulate the wellhead price of natural gas, shall, at any time during the term hereof, establish an area price (hereinafter referred to as the "area price") which would be applicable to gas covered by this contract if the same were subject to the authority of said commission which area price is higher than the price provided for by the terms of this contract effec-

tive upon the date of said area price, then the price to be paid for gas purchased under this contract thereafter shall be one-half cent (½¢) higher than the area price in lieu of that provided for herein.

At the time the contract was executed the FPC regulated gas prices in the area according to the date the gas was sold. Gas sold under a contract dated prior to November 1, 1969 was to sell at a lower regulated rate than gas sold under a contract dated November 1, 1969 or thereafter. *See* FPC opinion No. 586 Dkt. Nos. AR64–1 (issued September 18, 1970). Subsequent to execution of the contract the FPC changed from an area pricing scheme to a national pricing scheme. FPC opinions Nos. 699 and 749 created one national price for sales of natural gas from wells commenced prior to January 1, 1973, termed "old gas," and another price for sales commenced on or after that date, termed, "new gas." Following the issuance of FPC opinion No. 699 plaintiff requested that defendant pay for gas under the contract at a price of one-half cent above the regulated price for "new gas." Defendant denied the request. Plaintiff, thereafter, brought suit in the district court alleging that the contract was ambiguous and praying that the court declare its right under the contract to receive one-half cent above the highest prevailing federally regulated price. The defendant moved for summary judgment and the court granted the motion. The only question before us on appeal is whether the court erred in granting the motion for summary judgment.

The question of whether a contract is ambiguous or not is primarily a question to be determined by the trial court. *Local 9, International Union of Operating Engineers, AFL–CIO v. Siegrist Construction Co.,* 10 Cir., 458 F.2d 1313; *Walker v. Telex Corp.,* Okl., 583 P.2d 482. If the court determines that a contract is unambiguous

the interpretation of the contract is an appropriate case for summary judgment under rule 56(c) of the Federal Rules of Civil Procedure.[1] *Parish v. Howard,* 8 Cir., 459 F.2d 616; *Cinocca v. Baxter Laboratories, Inc.,* D.C., 400 F.Supp. 527.

We are convinced that the trial court did not err in construing the contested provision as unambiguous and in granting the defendant's motion for summary judgment. Article 8.1 of the contract specifically ties an alternative price to be paid for gas under the contract to an "[a]rea price . . . which would be applicable to gas covered by this contract if the same were subject to the authority of said [Federal Power] Commission." We think the provision clearly demonstrates an intention of the parties to tie the alternative price for gas sold under the contract to the federally regulated price that the October 30, 1970 sale would be subject to if the sale were regulated by the FPC, irrespective of other existing federal prices.[2] It is undisputed that if the sale were subject to FPC regulation plaintiff would receive the price designated for "old gas." Because the contract is in writing, and because the language is clear and unambiguous the intention of the parties can only be determined from the words of the contract. *See* Okl.Stat.Ann. tit. 15, §§ 152, 154; *Humphreys v. Amerada Hess Corp.,* 10 Cir., 487 F.2d 800. Consequently, the court below could not have considered evidence of an intention to apply a rate different than that specified in the agreement.

Likewise, the Oklahoma Commercial Code's liberal parol evidence rule does not require that extrinsic evidence be permitted to explain the parties intentions under the facts of this case. Okl.Stat.Ann., tit. 12A, § 2–202 mandates that where a writing is intended by the parties to be a final expression of their agreement it cannot be contradicted by evidence of a prior or contempora-

---

1. The propriety of summary judgment in federal diversity cases must be evaluated in light of the Federal Rules of Civil Procedure rather than state procedural law, but with reference to the state's substantive law. *See Hanna v. Plumber,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8.

2. Such an intention permeates the paragraph even if the obsolete term "area price" is deleted.

neous agreement. The mandate is qualified somewhat by permitting evidence of a course of dealing, usage of trade, or course of performance to explain or supplement the written agreement. The construction which plaintiff seeks to establish with extrinsic evidence would not supplement or explain article 8.1 of the contract; it would only contradict and vary its terms. Under both § 2–202 and the common law such evidence is inadmissible. We, therefore, conclude that there is no genuine issue as to any material fact in this case and the lower court properly disposed of the case by summary judgment.

AFFIRMED.