**Jimmie F. ANDERSON, Petitioner,**

v.

**Walter D. SNIDER, Respondent.**

No. D–0422.

Supreme Court of Texas.

April 10, 1991.

Rehearing Overruled May 30, 1991.

Jimmie F. Anderson, pro se.

Jo Ben Whittenburg, Beaumont, for respondent.

## OPINION ON MOTION FOR REHEARING

PER CURIAM.

We grant Petitioner's motion for rehearing and issue the following opinion. Jimmie Anderson retained attorney Walter Snider to represent her in her divorce and child custody action. Due to alleged acts and omissions in the course of this representation, Anderson filed suit against Snider asserting claims of legal malpractice, breach of contract and violations of the Deceptive Trade Practices–Consumer Protection Act. Anderson, who is not an attorney, is proceeding *pro se.* Snider filed a motion for summary judgment supported by his affidavit as an expert witness, which stated, in part:

> I have reviewed the Plaintiff's Original Petition, my file and the relevant and material documents filed with the Court, and it is clear that I acted properly and in the best interest of Mrs. Jimmie F. Anderson when I represented her, and that I have not violated the [DTPA]. I did not breach my contract with Mrs. Jimmie F. Anderson, and have not been guilty of any negligence or malpractice. Mrs. Jimmie F. Anderson has suffered no damages or legal injury as a result of my representation of her.

Anderson did not offer the testimony of an expert witness to controvert Snider's statements in her response to his motion for summary judgment. On the basis of this evidence, the trial court rendered judgment in favor of Snider. The court of appeals, in an unpublished opinion, held that Snider's expert testimony eliminated the essential element of causation from Anderson's claims, which placed on her the burden of producing contradicting expert testimony in rebuttal. As she did not present such controverting proof, the court of appeals upheld the trial court's judgment.

Anderson argues that the evidence contained in Snider's affidavit is incompetent to support the rendition of summary judgment as a matter of law because it is composed entirely of legal conclusions. Anderson raised this argument to the trial court by way of her supplemental motion for new trial. This court has repeatedly reversed the rendition of a summary judgment when it found that the proof upon which the judgment rested was incompetent as a matter of law. *See, e.g., Mercer v. Daoran Corp.,* 676 S.W.2d 580 (Tex. 1984); *Associates Discount Corp. v. Rattan Chevrolet, Inc.,* 462 S.W.2d 546 (Tex. 1970); *Bates v. Smith,* 155 Tex. 443, 289 S.W.2d 215 (1956).

▮ A motion for summary judgment is properly granted only if the motion and its supporting affidavits show that the movant is entitled to judgment as a matter of law. *Mayo v. John Hancock Mutual Life Insurance Co.,* 711 S.W.2d 5, 6 (Tex. 1986). To succeed on summary judgment as a defendant, Snider must disprove as a matter of law one or more of the elements essential to Anderson's claims. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975).

▮ A movant's right to summary judgment can be proved solely on the uncontroverted testimony of an expert witness if the subject matter is such that a trier of fact would be "guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex.R.Civ.P. 166a(c). The affidavit of an interested expert witness can support summary judgment if it meets the requirements of Rule 166a, even if that expert is a party to the suit. *See, e.g., Shook v. Herman,* 759 S.W.2d 743, 746–47 (Tex.App.—Dallas 1988, writ denied); *Hunte v. Hinkley,* 731 S.W.2d 570, 571 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

▮ If an interested expert witness presents legally sufficient evidence in support of a motion for summary judgment, the opposing party must produce other expert testimony to controvert the claims. *Fitzgerald v. Caterpillar Tractor Co.,* 683 S.W.2d 162, 164–65 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.). Lay testimony is insufficient to refute an expert's testimony. *Id.* However, testimony comprised only of legal conclusions is insufficient to support summary judgment as a matter of law. *Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984); *Hidalgo v. Surety Savings & Loan Ass'n,* 487 S.W.2d 702, 703 (Tex. 1972) (per curiam). Likewise, conclusory statements made by an expert witness are insufficient to support summary judgment. *Vinklarek v. Cane,* 691 S.W.2d 108, 111 (Tex.App.—Austin 1985, writ ref'd n.r.e.).

▮ In the instant cause, the court of appeals determined that Snider's expert testimony disproved the element of causation essential to Anderson's claims. However, the evidence does not include the legal basis or reasoning for Snider's opinion that he did not commit malpractice, violate the DTPA or breach his contract with Anderson. Without this information, Snider's affidavit is simply a sworn denial of Anderson's claims. We hold that the court of appeals erred in upholding the summary judgment because Snider's testimony is wholly conclusory, rendering it incompetent to support summary judgment as a matter of law.[1]

---

1. As we are disposing of the cause on this ground, we do not address Anderson's argument

that the trial court erred in rendering a summary judgment based only on the opinion of an

Therefore, a majority of this court grants the application for writ of error and, without hearing oral argument pursuant to Rule 170 of the Texas Rules of Appellate Procedure, reverses the judgment of the court of appeals and remands this cause to the trial court.

expert witness because her claims do not consist of "subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts" as required by Rule 166a. *See* Tex.R.Civ.P. 166a(c).