Robert E. SELIG and Laura M. Selig, Appellants,

v.

BMW OF NORTH AMERICA, INC., BMW Credit Corporation, and Bavarian Autohaus, Inc. d/b/a David Hobbs BMW, Appellees.

No. C14–91–00669–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 21, 1992.

Rehearing Denied June 18, 1992.

Philip A. Masquelette, Houston, for appellant.

Geoffrey H. Bracken, Margaret A. Wilson, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Robert and Laura Selig appeal the trial court's grant of summary judgment in favor of appellees on the Selig's liability claims and on appellee's counterclaims that the Selig's suit was groundless and in bad faith. Appellants raise four points of error. We affirm.

In August 1987, appellants bought a new BMW automobile from appellee, Bavarian Autohaus, Inc. d/b/a David Hobbs BMW ("Hobbs"). The distributor for this automobile was appellee, BMW of North America, Inc. ("BMW NA"). Appellee, BMW Credit Corporation ("BMW CC") provided financing.

Approximately six months after purchasing this vehicle, Laura Selig claimed that the BMW suddenly accelerated as she attempted to stop at a donut shop, causing the BMW to collide with a parked vehicle and the side of the building. When Hobbs refused to rescind the purchase contract for the vehicle, appellants brought suit, alleging strict liability, breach of warranty, violations of the Texas DTPA, of the Texas Consumer Credit Code, and of the Magnuson–Moss Warranty Act. Appellants filed a motion for partial summary judgment on their causes of action under the DTPA and the Texas Credit Code. Following a hearing, the trial court entered an order granting the motion to the extent of the following findings: (1) that appellants are consumers under the DTPA; (2) that appellants met the notice requirements under the DTPA; (3) that appellants entered into a written purchase and sale contract with appellee, Hobbs; (4) that this contract included a Motor Vehicle Purchase Order; (5) that this Purchase Order contained a provision that neither Hobbs nor BMW NA would be liable for failure to effect delivery; (6) that this Purchase Order contained a disclaimer by Hobbs of any express or implied warranties and that any warranties made were those by BMW NA; (7) that appellants are consumers and Hobbs is a supplier under the Magnuson–Moss Act; (8) that there was a written warranty made to appellants; (9) that appellants and Hobbs entered into a BMW Quality Continuation Plan Vehicle Service Agreement Registration document which constituted a service contract under the Magnuson–Moss Act; (10) that appellants entered into a Texas Retail Installment Contract and Security Agreement which included a provision disclaiming any warranties of merchantability, suitability, or fitness for purpose; (11) that appellants' BMW was a motor vehicle and appellants were Retail Buyers as defined in the Texas Credit Code; (12) that Hobbs was a Retail Seller under this Code; (13) that the sale transaction constituted a Retail Installment Transaction and a Retail Installment Contract under this Code; and (14) that the Motor Vehicle Purchase Order, BMW Quality Continuation Plan Vehicle Service Agreement Registration, and Texas Retail Installment Contract and Security Agreement were documents executed and delivered to appellants in a single transaction.

Appellees subsequently filed counterclaims alleging that appellants' suit was groundless, in bad faith, and brought for the purpose of harassment and filed motions for summary judgment on all causes of action alleged by appellants. The trial court granted appellees' motions and, find-

ing appellants' suit groundless and in bad faith, awarded appellees BMW NA and BMW CC $21,352.50 in attorney's fees and costs. The trial court conditionally awarded appellees, BMW NA and BMW CC $5,000.00 in fees and costs if the case was appealed to the court of appeals, and conditionally awarded another $5,000.00 if the case was appealed to the Texas Supreme Court. The trial court awarded appellee Hobbs $7,000.00 in attorney's fees and costs, conditionally awarded Hobbs $3,500.00 if the case was appealed to the court of appeals, and conditionally awarded another $3,500.00 if the case was appealed to the Texas Supreme Court.

In point of error one, appellants contend the trial court erred in granting the appellees' motions for summary judgment on liability. Appellants list 54 jury questions they submitted to the trial court for inclusion in the joint pretrial order. Appellants claim that the summary judgment proof submitted by appellees failed to negate many of these fact issues. In particular, appellants maintain that appellees' summary judgment proof did not establish, as a matter of law, that there was no defect in the appellants' BMW.

A trial court properly grants summary judgment when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985). In reviewing a summary judgment, we must take as true all evidence favorable to the non-movant, indulging all reasonable inferences and resolving all doubts in favor of the non-movant. *Id.* at 548–49. As movants, appellees had to disprove as a matter of law one or more of the elements essential to appellants' claims. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991). The judgment cannot be affirmed on any grounds not specifically presented in the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979).

A movant can establish its right to summary judgment solely on the uncontroverted testimony of an expert witness if the subject matter is such that the trier of fact would be "guided solely by the opinion testimony of experts" and the testimony is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX.R.CIV.P. 166a(c). The affidavit of an interested expert witness can support a summary judgment if it meets the requirements of Rule 166a. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991). If the movant presents legally sufficient evidence, in the form of an affidavit of an interested expert witness, in support of a motion for summary judgment, the opposing party must controvert this evidence by producing other expert testimony. *Id.* Lay testimony is insufficient to refute expert testimony. *Id.* Expert testimony comprised of mere legal conclusions or conclusory statements is insufficient to support summary judgment. *Id.*

In support of their motion for summary judgment, appellees BMW NA and BMW CC produced two affidavits of Ralph Beier, Manager of Product and Service Engineering of BMW NA, an affidavit by appellees' counsel, and copies of the limited warranty, the Texas Retail Installment Contract and Security Agreement, and the vehicle purchase order. Appellee Hobbs adopted by reference the motion for summary judgment and exhibits filed by BMW NA and BMW CC. In the affidavit dated January 24, 1990, Ralph Beier stated that he was familiar with all mechanical components of the BMW model 325, and that in his expert opinion the components of appellants' BMW 325 could not malfunction "so as to cause the car to accelerate suddenly and unexpectedly while Mrs. Selig pressed the brake pedal, as she has claimed in her deposition." Beier further stated that the braking system of the vehicle would continue to function and stop the vehicle when the brake pedal was depressed, even if a complete failure or malfunction of the Anti-lock Braking System, a supplemental brake system, occurred. Beier based his opinion that the braking system would stop the vehicle on the inspection of the vehicle by

service personnel of Hobbs, by an expert technician of BMW NA, and by an independent technician who found the car in proper working condition and found the brakes in operating condition. Thus, Beier concluded that, in his expert opinion, the vehicle was not defective in any manner that could cause sudden unintended acceleration.

In his affidavit dated January 25, 1990, Beier stated that BMW NA did not fail to disclose to appellants any information known to BMW NA at the time of purchase with the intention of inducing appellants to purchase the vehicle. Beier further stated that BMW NA made no false representations to induce appellants to enter the purchase transaction.

In their opposition to appellees' motion for summary judgment, appellants objected to the two Beier affidavits on the grounds that the affidavits failed to show that the opinions were based on personal knowledge and were based in part on hearsay and that the affidavits contained conclusory statements and legal conclusions. Appellants further claimed that appellees failed to show as a matter of law that appellants could not succeed on their claims and that appellees did not conclusively establish all elements of their affirmative defense of negligence on the part of Laura Selig.

■■■ In their second amended original petition, appellants alleged seven causes of action, including violations of the DTPA, rescission, strict products liability or alternatively, negligent design, manufacture, or marketing, breach of warranty, violations of the Magnuson–Moss Warranty—Federal Trade Commission Improvement Act and of the UCC, and violations of the Texas Credit Code. To recover under a theory of strict liability, a plaintiff must establish two elements: (1) that the defendant's product was defective and unreasonably dangerous, and (2) this defective condition caused plaintiff's injuries or damages. *See Lucas v. Texas Indus., Inc.*, 696 S.W.2d 372, 377 (Tex.1984) (op. on reh'g). To recover under strict liability, a party must show more than the mere fact that an accident occurred. *Bass v. General Motors Corp.*,

491 S.W.2d 941, 947 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.).

■■■ Under the Docket Control Order entered by the trial court, appellants had to designate all experts by November 20, 1989. Appellants designated no experts on liability by this date. Having no expert, appellants were unable to controvert Beier's expert testimony, supporting appellees' motion for summary judgment, with other expert testimony. Instead, appellants offered the affidavit of Laura Selig, special issues and instructions appellants intended to request and those attached to the proposed Joint Pretrial Order filed with the trial court, and part of a deposition of Karin Carroll, National Consumer Services Manager of BMW NA.

We find that Beier's testimony regarding the absence of a defect in appellants' vehicle is clear, positive, and direct and is free from contradictions and inconsistencies, as required by Rule 166a(c). This evidence established that there was no defective condition in the vehicle that could have caused appellants' damages. Thus, appellees met their burden of establishing that appellants could not succeed on their theory of strict liability and that appellees were entitled to judgment as a matter of law as to this cause of action. Once appellees established their right to summary judgment on this claim, the burden shifted to appellants to present to the trial court any reasons to avoid appellees' entitlement and to offer summary judgment proof establishing a fact issue regarding the existence of a defect in the vehicle. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). Appellants offered only lay testimony to rebut Beier's expert testimony. Lay testimony is insufficient to controvert expert testimony. *Anderson*, 808 S.W.2d at 55. Appellants failed to present sufficient evidence establishing a fact issue regarding the existence of a defective condition and thus, the trial court properly granted summary judgment as to strict liability.

■■■ We further find that appellees' summary judgment proof established their entitlement to judgment as a matter of law

on appellants' other causes of action. Appellants pled violations of the DTPA including misrepresentation, breach of warranty, and unconscionable action. As to misrepresentation, appellants alleged that appellees misrepresented that the automobile was a new automobile in good mechanical condition, that the automobile was safe to operate, and that it was fit for the ordinary purposes for which it was intended. Appellants further alleged that appellees failed to disclose the possibility of sudden acceleration, the recall of 1984 models of the BMW 318i for sudden acceleration problems, the recall of other BMW automobiles for defective idling control units, and customer complaints about sudden acceleration. Appellants claimed that these actions also constituted unconscionable acts under the DTPA.

In their motions for summary judgment, appellees argued that appellants could not succeed on these DTPA claims absent proof that the vehicle was defective and that this defective condition caused their damages. Because the Beier affidavit established that the vehicle was not defective, this affidavit also negated any causal connection between the alleged defect and appellants' damages. We agree with appellees that this evidence established appellees' entitlement to judgment as a matter of law on appellant's DTPA claims of misrepresentation and unconscionable action. To succeed on their DTPA claims, appellants had to show that the DTPA violations were a producing cause of their damages. *See* TEX.BUS. & COM.CODE ANN. § 17.50(a) (Vernon 1987). Because the Beier affidavit established the vehicle was not defective, appellees also established that any alleged misrepresentations about the condition or quality of the vehicle or any alleged failure to disclose information could not have been a producing cause of appellants' damages. Appellants failed to present competent expert testimony rebutting appellees' summary judgment evidence. Thus, the trial court properly granted summary judgment as to these DTPA claims.

■ Appellants also sought the equitable remedy of rescission of the purchase transaction. Appellants alleged that the vehicle was defective and thus, it failed to conform to the sales contract and that this nonconformity substantially impaired the value of the vehicle. As with appellants' claims under the DTPA and strict liability, appellants could not succeed under this theory absent proof of a defect in the vehicle. Because appellees' summary judgment proof established the absence of a defect in the vehicle and appellants failed to controvert this proof with competent expert testimony, appellees established their entitlement to judgment as a matter of law on this claim. Thus, the trial court properly granted summary judgment on appellants claim for rescission.

■ Appellants also pled breach of the implied warranties of merchantability and fitness for a particular purpose, breach of warranty and unconscionable action under the DTPA, and related causes of action under the Magnuson–Moss Warranty Act and the Uniform Commercial Code. Appellants alleged appellees breached the implied warranties of merchantability and of fitness for a particular purpose based on their allegation that the vehicle was defective. Because we have held that appellees established by summary judgment proof no defect that caused the collision, appellees are entitled to summary judgment as a matter of law on appellants' claims of breach of the implied warranties, alleged either as violations of the DTPA or of the Magnuson–Moss Act.

■ Under the DTPA, appellants alleged appellees misrepresented that the purchase agreement conferred or involved rights or remedies which it did not have or involve, or which were prohibited by law. These alleged misrepresentations included: (1) that the automobile would pass without objection in the trade under the contract description (i.e., a new 1987 BMW automobile model 325A–4DR); (2) that the automobile in question was fit for the ordinary purposes for which such automobiles are used; and (3) that the automobile in question was fit for personal, family, or household use. Absent proof of a defect in the automobile and that this defect was a pro-

ducing cause of their damages, appellants could not succeed on these DTPA claims. Because the Beier affidavit established there was no defect in the vehicle that could have caused the collision and appellees failed to rebut this proof with competent expert testimony, the trial court properly granted appellees' motion for summary judgment as to this DTPA claim.

■ Appellants also alleged that the Purchase Order provision stating that Hobbs and BMW NA disclaimed any liability for failure to effect delivery constituted a waiver by appellants of all damage claims in the event of nonperformance which is prohibited by the DTPA and the Texas Credit Code. Appellants claimed the disclaimer of all implied or express warranties by Hobbs was prohibited by the Magnuson–Moss Act. Appellants maintain that these claims do not relate to any defect in the vehicle and thus, were not defeated by appellees' summary judgment proof.

We find no merit in appellants' argument regarding the disclaimer for failure to effect delivery. Appellants assert that this provision is essentially a waiver of all claims arising out of the sale, which is prohibited by the DTPA and the Texas Credit Code. Because there was no claim of damage for late delivery of the vehicle, *see, e.g., Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382, 386–87 (Tex.1982) (holding that such a disclaimer may preclude a buyer from rejecting goods, but does not impair other remedies), appellants' claim of no delivery must relate to the alleged defect in the vehicle. In other words, appellants must be construing this provision as a waiver of all claims that the tender or delivery was non-conforming in that the vehicle was not in accordance with the obligations under the contract. *See* TEX.BUS. & COM.CODE ANN. §§ 2.106(b), 2.507–2.508 (Vernon 1968). Even if this provision in the purchase order did constitute an improper waiver of such claims, appellants have failed to raise any fact issues regarding damages. Because we have held that appellees met their summary judgment burden of proof regarding any alleged defect or non-conformity in the

vehicle that could have caused appellants' damages, appellees were entitled to summary judgment on this claim under the DTPA and the Texas Credit Code.

■ We further find no merit in appellants' argument regarding the provisions in the Purchase Order and Retail Installment Contract and Security Agreement disclaiming all express or implied warranties. Appellants alleged that this disclaimer by Hobbs violated the Magnuson–Moss Warranty—Federal Trade Commission Improvement Act. The Magnuson–Moss Act sets out the federal minimum standards for warranties in 15 U.S.C.A. § 2304 (1982). This section provides that, if a supplier warrants a consumer product by means of a written warranty, the warrantor may not limit the duration of any implied warranty on the product. 15 U.S.C.A. § 2304(a)(2) (1982). Under § 2308, no supplier may disclaim any implied warranty with respect to a consumer product if the supplier makes a written warranty or if the supplier enters into a service contract with the consumer regarding the consumer product. 15 U.S.C.A. § 2308(a) (1982). Thus, a violation of § 2308 occurs only if the supplier who disclaims implied warranties made a written warranty to the consumer or entered into a service contract with the consumer. Hobbs made no written warranty to appellants, but did enter into a service contract with them. Thus, § 2308 is applicable.

■ Under § 2310, "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief...." 15 U.S.C.A. § 2310(d)(1) (1982). Appellants claim that they suffered damages from Hobbs' violation of this statute that are independent from the damages caused by the defect in the vehicle and thus, appellees failed to meet their summary judgment burden of proof as to this claim. Essentially, appellants claim a technical violation of § 2308 and seek damages consisting of the purchase price of the ve-

hicle. Appellants do not describe how Hobbs' disclaimer of implied warranties caused appellants to suffer damages by paying the purchase price of the vehicle. We find no merit in appellants' argument. Even if the disclaimer constituted a violation of § 2308, the summary judgment proof established that any such violation did not cause damage to appellants.

Finally, appellants contend that appellees did not meet their summary judgment burden of proof as to the claim for exemplary damages. Having upheld the trial court's grant of summary judgment as to the claims for actual damages, we need not address appellants' claim for exemplary damages. We overrule point of error one.

█ In point of error two, appellants claim the trial court erred in granting summary judgment on appellees' counterclaims for attorneys' fees and costs under the DTPA. Appellants first contend the counterclaims were barred by limitations under § 17.565 of the DTPA. Section 17.565 requires that all DTPA actions commence within two years after the date on which the false, misleading or deceptive act occurred or within two years after the consumer discovered or should have discovered the deceptive act. TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987). Appellants assert this statute of limitations began to run on the date of purchase of the automobile, August 29, 1987, and thus, appellees counterclaims, filed in January 1990, were barred. We disagree.

Section 17.50 provides that a trial court shall award to the defendant reasonable and necessary attorney's fees and court costs if the court finds that an action was groundless and brought in bad faith, or brought for the purpose of harassment. The limitations section refers only to false, misleading or deceptive acts that form the basis for a plaintiff's suit. This section does not refer to claims by the defendant that a plaintiff brought a groundless suit or that the suit was brought in bad faith or for the purpose of harassment. Furthermore, it would be illogical to apply this limitations section to a defendant's claim of groundlessness or bad faith because the

claim cannot arise until the plaintiff files a suit under the DTPA. Thus, any limitations on such a counterclaim could not begin to run until the date a DTPA cause of action is filed. We find no merit in appellants' limitations argument and we find no error by the trial court on this issue.

█ Appellants also contend that appellees failed to meet their summary judgment burden of proof on the counterclaims. Section 17.50 provides:

On a finding by the court that an action under this section was groundless and brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs.

TEX.BUS. & COM.CODE ANN. § 17.50(c) (Vernon 1987).

The trial court found that appellants' suit was groundless and brought in bad faith. Under § 17.50, "groundless" means a claim having no basis in law or fact, and not warranted by any good faith argument for the extension, modification, or reversal of existing law. *Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634, 637 (Tex.1989). The standard for determining whether a suit is groundless is "whether the totality of the tendered evidence demonstrates an arguable basis in fact and law for the consumer's claim." *Splettstosser v. Myer*, 779 S.W.2d 806, 808 (Tex.1989). The court may consider evidence that is legally inadmissible or subject to other defects in making this determination if there is some good faith belief that the tendered evidence might be admissible or that it could reasonably lead to the discovery of admissible evidence. *Donwerth*, 775 S.W.2d at 637. A suit is brought in "bad faith" if it is motivated by malicious or discriminatory purpose. *Central Tex. Hardware, Inc. v. First City, Texas–Bryan, N.A.*, 810 S.W.2d 234, 237 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Whether a suit is groundless or brought in bad faith is a question of law for the trial court. *Donwerth*, 775 S.W.2d at 637. Our review of the trial court's determinations is a ques-

tion of law under an abuse of discretion standard. *Id.* at 637 n. 3.

Appellees argue that appellants' failure to designate an expert witness to prove a defect that could have caused their damages and appellants' failure to depose appellees' liability experts supports the trial court's finding that appellants' suit was groundless and brought in bad faith. In February 1990, appellees had filed a motion for sanctions under Rule 13 in which they contended appellants' claims were groundless and in bad faith. The trial court did not rule on this motion, but took it under advisement. Although this motion and its exhibits were not attached to appellees' motion for summary judgment, the trial court could consider it as part of the documents on file at the time of the hearing. *See* Tex.R.Civ.P. 166a(c). In addition to alleging that appellants neglected the substantive areas of their case, appellees contend that appellants bombarded appellees with "meaningless but voluminous discovery requests," typified by the three sets of requests for admissions, amounting to 367 separate requests, directed to each appellee. These requests for admissions contained requests such as the following:

9. Plaintiff Robert E. Selig is an individual.

10. Plaintiff Laura M. Selig is an individual.

18. Defendant BMW of North America, Inc., has made an appearance in this suit by its attorney or attorneys as permitted by Rule 7, T.R.Civ.P.

82. One or more of the causes of action asserted by Plaintiffs in this suit is brought under the DTPA.

85. Plaintiffs are represented by an attorney or attorneys in this suit.

Plaintiffs' First Request for Admissions to Defendant BMW of North America, Inc. at 8, 10, 27–28.

98. One or more of the causes of action alleged by Plaintiffs in this suit is brought under the Magnuson–Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C. §§ 2301–2312, inclusive.

150. The automobile in question is a "motor vehicle" as defined in Article 5069–7.01(a), Texas Revised Civil Statutes (Vernon, 1925).

Plaintiffs' Second Request for Admissions to Defendant BMW of North America, Inc. at 33, 47.

Appellees further complain that appellants made unnecessary objections and obstructions of discovery. The documents on file at the time the motion for summary judgment was filed show that (1) appellants filed an opposition to appellees' special exceptions requesting specification of the amount of damages and the misrepresentations that allegedly were a producing cause of appellants' damages; (2) following the trial court's order requiring the release of appellants' psychological records, appellants' counsel contacted the psychologists and counselors by letter and advised them not to release records; and (3) appellants lost their case before the Texas Motor Vehicle Commission, which found no defect in the car and denied appellants any relief. Based on our review of all of the evidence and documentation before the trial court, we find no error in the trial court's determination that appellants' suit was groundless and brought in bad faith.

Appellants also claim the trial court erred in failing to allow appellants discovery with respect to appellees' counterclaims which were filed after the discovery cutoff date set by the trial court. Appellees' counterclaims consisted solely of the claims that appellants' suit was groundless and brought in bad faith. We find no merit to appellants' argument that the trial court should have allowed them further discovery when appellants had almost a year and a half of discovery on their claims. We overrule point of error two.

In point of error three, appellants claim the trial court erred in failing to grant their motion for summary against all appellees under the DTPA and against appellee, Hobbs, under the DTPA and the Texas Credit Code. Because we have upheld the trial court's grant of summary judgment in favor of appellees on all of appellants' lia-

bility claims, we need not address this point of error.

We affirm the trial court's judgment.