**Dennise DUFF, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**Civil Action No. 96–2116–GTV.**

United States District Court,
D. Kansas.

April 21, 1997.

William F. Zimmerman, Kansas City, KS, for Dennise Duff.

A. Bradley Bodamer, Morrison & Hecker L.L.P., Overland Park, KS, Rodney E.

Loomer, Sherry A. Rozell, Turner, Reid, Duncan, Loomer & Patton, Springfield, MO, for General Motors Corp.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

In this diversity jurisdiction action, plaintiff Dennise Duff alleges enhancement of personal injuries based upon an allegedly defective shoulder restraint belt. The case comes before the court on defendant General Motors Corporation's motion for summary judgment (Doc. 15). The plaintiff has not responded to the motion, which the court will treat as uncontested pursuant to D. Kan. R. 7.4. For the reasons stated below, the motion is granted.

### Background

In June 1993, Duff bought a used 1990 Chevrolet Corsica with 44,386 miles. In March 1994, she collided head-on with another vehicle near Onalaska, Texas.

In March 1996, Duff filed suit against General Motors, alleging that the shoulder belt in the Corsica failed to restrain her in the accident. The plaintiff claims that General Motors is strictly liable because the shoulder belt in the Corsica was defective and unreasonably dangerous at the time the vehicle was purchased and at the time of the accident. Duff alleges that the March 1994 accident aggravated preexisting injuries to her neck and back. She seeks $125,000.00 in damages.

General Motors subsequently filed the pending motion, arguing that it is entitled to summary judgment because Duff cannot prove an alleged defect in the shoulder belt existed at the time the Corsica left General Motors' custody and control and because Duff cannot establish injury enhancement.

### Summary Judgment Standards

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Mat-

sushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986); Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir.1995); F.D.I.C. v. 32 Edwardsville, Inc., 873 F.Supp. 1474, 1479 (D.Kan.1995).

The movant is entitled to judgment as a matter of law should the nonmoving party insufficiently establish an essential element of a claim for which the nonmovant has the burden. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56 should be construed to satisfy one of its principal purposes, namely, to segregate and eliminate factually unsupported claims and defenses. Id. Entitlement to summary judgment must be proven beyond a reasonable doubt. Norton v. Liddel, 620 F.2d 1375, 1381 (10th Cir.1980).

### Choice of Law

A federal court sitting in diversity jurisdiction applies the choice of law provisions of the forum state, which in this case is Kansas. See Missouri Pac. R.R. Co. v. Kansas Gas & Elec. Co., 862 F.2d 796, 798 n. 1 (10th Cir.1988); Federated Rural Elec. Ins. Co. v. Nationwide Mut. Ins. Co., 874 F.Supp. 1204, 1207 (D.Kan.1995). Regarding choice of law for tort claims, Kansas follows the doctrine of lex loci delicti: "the law of the state where the tort occurred is applied to the substantive rights of the parties." Brown v. Kleen Kut Mfg. Co., 238 Kan. 642, 644, 714 P.2d 942 (1986); see Doe v. WTMJ, Inc., 927 F.Supp. 1428, 1433 (D.Kan.1996). Duff alleges that she sustained injuries as the result of a car wreck in Texas. Accordingly, Texas substantive law governs this action. See Ling v. Jan's Liquors, 237 Kan. 629, 634–35, 703 P.2d 731 (1985) (tort deemed to occur in state where injury occurred).

### Strict Liability

Duff's only claim against General Motors is premised on strict liability. (Doc. 17, Pretrial Order, ¶ 4.) "In Texas, section 402A of the Restatement (Second) of Torts governs claims for strict liability in tort." Firestone Steel Prod. Co. v. Barajas, 927

S.W.2d 608, 613 (Tex.1996) (citing *Lubbock Mfg. Co. v. Sames,* 598 S.W.2d 234, 236 (Tex. 1980)). Section 402A imposes strict liability if the product is dangerously defective when sold and if the product reaches the user with substantially no change. *Torres v. Caterpillar, Inc.,* 928 S.W.2d 233, 240 (Tex.App.1996, writ denied); *Royal Crown Bottling Co. v. Ward,* 520 S.W.2d 797, 800 (Tex.Civ.App. 1975, no writ). "A product may be held to be unreasonably dangerous based on a defect in manufacturing, design or marketing." *Torres,* 928 S.W.2d at 239.

▇▇▇▇ General Motors offers the opinion of its expert that the shoulder belt in the Corsica was not defective. (Def.'s Memo., Ex. E.) The defendant argues that it is entitled to summary judgment because, under Texas law, Duff cannot refute expert testimony with lay testimony and she failed to designate an expert witness by the December 31, 1996 deadline. (*See* Doc. 11, Amended Scheduling Order, at 3.) In support of its argument, General Motors cites *Selig v. BMW of North Am., Inc.,* 832 S.W.2d 95 (Tex.App.1992, no writ), in which the Texas Court of Appeals stated:

> A movant can establish its right to summary judgment solely on the uncontroverted testimony of an expert witness if the subject matter is such that the trier of fact would be "guided solely by the opinion testimony of experts" and the testimony is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily uncontroverted." Tex.R. Civ. P. 166a(c). The affidavit of an interested expert witness can support a summary judgment if it meets the requirements of Rule 166a. *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991). If the movant presents legally sufficient evidence, in the form of an affidavit of an interested expert witness, in support of a motion for summary judgment, *the opposing party must controvert this evidence by producing other expert*

*testimony. Id. Lay testimony is insufficient to refute expert testimony.*[1] *Id.*

*Id.* at 99 (emphasis by defendant).

▇▇▇▇ General Motors' argument overlooks the distinction between substantive and procedural issues. In *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 & 92, 58 S.Ct. 817, 822 & 828, 82 L.Ed. 1188 (1938), the Supreme Court "held that federal courts adjudicating diversity jurisdiction claims should apply substantive state law and federal procedural law." *Trierweiler v. Croxton & Trench Holding Corp.,* 90 F.3d 1523, 1539 (10th Cir.1996). Although "the line between substance and procedure has proven difficult to demarcate," *id.,* the Tenth Circuit has commented that "[t]he propriety of summary judgment in federal diversity cases must be evaluated in light of the Federal Rules of Civil Procedure rather than state procedural law but with reference to the state's substantive law." *C.F. Braun & Co. v. Oklahoma Gas & Elec. Co.,* 603 F.2d 132, 133 n. 1 (10th Cir.1979) (citing *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). Additionally, the admissibility and the sufficiency of evidence generally is a matter of procedure. *Romine v. Parman,* 831 F.2d 944, 944–45 (10th Cir.1987); *Grasmick v. Otis Elevator Co.,* 817 F.2d 88, 90 (10th Cir.1987).

▇▇▇▇ If a federal rule of procedure is on point, the federal rule applies; otherwise, "courts are to heed the outcome-determination approach while also relying on the policies underlying the *Erie* rule: 'discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Trierweiler,* 90 F.3d at 1539 (quoting *Hanna,* 380 U.S. at 468, 85 S.Ct. at 1142). Here, applying federal or state law results in the same outcome.

Duff offers no evidence, expert or lay, that the shoulder belt in her Corsica was defective and unreasonably dangerous, an essential element of her strict liability claim. *See*

---

1. Under Texas law, a plaintiff does not always need expert testimony to prove a product defect. Expert testimony is required only if the defect is such that the trier of fact would be guided only by expert opinion. *See Anderson,* 808 S.W.2d at 55; Tex.R. Civ. P. 166a(c). If the defect is such that the fact finder is not guided only by exert opinion, lay testimony is allowed and may be accepted over that of expert testimony. *See McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986).

*Selig,* 832 S.W.2d at 100. She cannot rely upon allegations or denials contained her complaint. *See id.* (mere fact that accident happened insufficient to establish strict liability under Texas law). To defeat General Motors' properly supported motion for summary judgment, she needed to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Because Duff failed to do so, the defendant is entitled to summary judgment. The defect issue resolves the motion, and the court need not address General Motors' other arguments.

IT IS, THEREFORE, BY THE COURT ORDERED that General Motors' motion for summary judgment (Doc. 15) is granted.

The case is closed.

**IT IS SO ORDERED.**