11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Patricia Walker

Appellant

Vs.                   No.
11-99-00210-CV BAppeal
from Eastland County

Dickey
Ray Gleaton and

Fleetline, Inc.

Appellees

 

This is a personal injury lawsuit arising
out of a vehicle accident.  Appellees, Dickey Ray Gleaton and Fleetline, Inc.,
filed a joint no-evidence summary judgment motion which was granted by the
trial court.  TEX.R.CIV.P. 166a(i).  The trial court found that appellant,
Patricia Walker, had produced no evidence that appellees breached any duty owed
to appellant or that any of appellant=s
injuries were proximately caused by the acts of appellees.  Appellant contends
on appeal that the trial court erred in:  (1) granting the appellees= motion for no-evidence
summary judgment as to breach of duty; (2) granting the appellees= motion for no-evidence summary
judgment as to proximate cause; (3) considering the damages element of
negligence as it was not specifically raised by appellees= motion; and (4) striking
certain portions of appellant=s
summary judgment evidence.  We affirm.

During the early morning hours of November
6, 1996, Patricia Walker was a passenger in a truck being driven by Harry
Jordan.  As they were traveling west on Interstate Highway 20, Jordan fell
asleep and lost control of his truck.  The truck ran into the guardrail, spun
around, and came to rest perpendicular to the flow of traffic on I-20, across
both lanes of traffic.  Walker was injured in this collision, but she and
Jordan exited the truck without assistance.  








At that time, Dickey Ray Gleaton, a driver
employed by Fleetline, Inc., was driving his tractor trailer westbound on
I-20.  He came over a rise in the highway and saw Jordan=s disabled and unlit truck sitting across both
lanes of traffic.  Gleaton also saw Jordan and Walker standing  in the middle
of I-20, in front of the disabled truck.  Gleaton applied his brakes and
swerved to the right in an attempt to avoid a collision.  However, Gleaton did
not completely avoid Jordan=s
truck, and approximately two feet of the front driver-side portion of his truck
collided with the rear driver-side portion of Jordan=s truck.  Upon coming to a complete stop,
Gleaton went back to check on Jordan and Walker.  Although Jordan appeared to
be alright, Walker was lying on I-20.  Walker sued Gleaton and Fleetline,
alleging that Gleaton was liable for negligently colliding with Jordan=s truck and that Fleetline
was vicariously liable.  Walker=s
theory was that the collision caused Jordan=s
truck to spin around and strike her, knocking her to the ground.  Neither
Walker nor Jordan have any memory of the accident or the events that occurred
immediately thereafter.

In reviewing a no-evidence summary judgment,
we accept as true evidence in favor of the non-movant and indulge every
reasonable inference and resolve all doubts in favor of the non-movant.  Hight
v. Dublin Veterinary Clinic, ___ S.W.3d ___ (11-99-00151-CV, Tex. App.BEastland, June 8, 2000, no
pet=n h.)(not yet
reported).  The relevant inquiry is whether the non-movant produced any
probative evidence that raised a genuine issue of material fact.  Hight v.
Dublin Veterinary Clinic, supra.  The summary judgment was erroneously granted
if the non-movant produced more than a mere scintilla of evidence in response
to the no-evidence motion for summary judgment. Hight v. Dublin Veterinary
Clinic, supra.  The non-movant=s
evidence amounts to more than a mere scintilla if it Arises to a level that would enable reasonable
and fair-minded people to differ in their conclusions.@ Hight v. Doublin Veterinary Clinic, supra. 
Conversely, if the non-movant=s
evidence does not reach this threshold level, it does not amount to more than a
mere scintilla and the trial court properly granted the no-evidence summary
judgment. Hight v. Dublin Veterinary Clinic, supra.

We first address appellant=s third issue.  Appellant
contends that whether she produced evidence on the element of Adamages@ is not before this court
as that element was not specifically challenged in appellees= motion as required by Rule
166a(i).  We disagree.








In their motion for summary judgment,
appellees asserted that appellant had no evidence, and could produce no evidence,
Athat her injuries
were proximately caused by the acts or omissions of@ appellees.  At trial on her negligence cause
of action, the burden would have been on appellant to establish, by a
preponderance of the evidence, that: (1) appellees owed a legal duty to
appellant; (2) appellees breached that duty; and (3) the breach of that duty
proximately caused appellant=s
damages.  Greater Houston Transportation Co. v. Phillips, 801 S.W.2d 523, 525
(Tex.1990).  Appellees=
motion effectively challenged the third element of a negligence cause of
action.  See Greater Houston Transportation Co. v. Phillips, supra.  To state Ainjuries were proximately
caused by@ is, in
effect, the same thing as challenging Aproximate
cause@ and Adamages@ separately.  Appellant=s third issue is overruled.

In her second issue, appellant argues that
she produced some evidence in response to the no-evidence summary judgment
motion on the issue of proximately caused damages.  Appellant points to
excerpts from Gleaton=s
deposition, appellees=
pleadings, and the affidavit and report of John H. Painter, an accident
reconstructionist, as sufficient evidence to defeat the summary judgment.

We must, therefore, initially address
appellant=s fourth
issue, in which she asserts that the trial court erred in striking Painter=s affidavit from the
summary judgment evidence.  The only portion of the expert=s affidavit that purports
to deal with proximately caused damages is Paragraph No. 11, which reads in its
entirety:

Also, in my opinion, Dickey Ray Gleaton=s collision with the
disabled motor vehicle in the highway caused it to spin and strike Patricia
Walker, thereby impacting her body.  These actions of Dickey Ray Gleaton were
the proximate cause, as that term is defined in the attached and incorporated
Exhibit 3 to this affidavit, of his vehicle striking the disabled motor
vehicle, which then caused the disabled motor vehicle to strike Patricia
Walker.

 

The trial court did not abuse its discretion in striking this
portion of Painter=s
affidavit for three reasons.  See United Blood Services v. Longoria, 938 S.W.2d
29, 30 (Tex.1997).  As an accident reconstructionist, Painter may be qualified
to offer opinions as to reaction times, braking distances, and the like. 
Appellant, however, has not established Painter=s
competency to testify as to the physical effects of the accident.  See Laidlaw
Waste Systems (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 661
(Tex.1995).  Also, Painter=s
affidavit does not disclose what facts he relied upon to conclude that Jordan=s truck spun around and
struck appellant.  See Anderson v. Snider, 808 S.W.2d 54, 55 (Tex.1991). 
Finally, legal conclusions are not competent summary judgment evidence. 
Anderson v. Snider, supra.  Appellant=s
fourth issue is overruled.








We now return to a consideration of
appellant=s second
issue.  In response to the no-evidence summary judgment motion, appellant bore
the burden of producing some evidence that linked her claimed damages and
appellees= conduct. 
See Haynes & Boone v. Bowser Bouldin, LTD., 896 S.W.2d 179, 181
(Tex.1995).  Appellant has failed to do so.  Appellant contends that, even
without the benefit of her expert=s
affidavit, the deposition testimony of Gleaton, standing alone, is some
evidence of proximately caused damages.  Gleaton observed that appellant was standing
upright prior to the collision between his tractor trailer and Jordan=s truck, but was lying on
the roadway subsequent to that collision.  This is not evidence that Jordan=s truck spun around and
struck her.  Moreover, there is no evidence, medical expert or otherwise, that
this alleged contact caused any damages in addition to those caused by the
original accident.  See Texarkana Memorial Hospital, Inc. v. Murdock, 946 S.W.2d
836, 840 (Tex.1997).

We realize that summary judgment is a harsh
result.  This is particularly true when appellant herself has no memory of the
events in question.  However, it would be inconsistent with the underlying
purpose of the no-evidence summary judgment to force a defendant to contest a
point at trial on which a plaintiff has no evidence.  Appellant, after an
adequate time for discovery, produced no evidence that any action of appellees
proximately caused any of her damages.  Appellant=s
second issue is overruled.

Because we hold that the trial court
properly granted the no-evidence summary judgment on the issue of proximately
caused damages, we do not reach appellant=s
first issue which challenges the trial court=s
judgment on the issue of breach of duty. 

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

July 27, 2000

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and 

Wright,
J., and McCall, J.