NUMBER 13-99-730-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


JOSE CARMEN DELGADO, Appellant,


v.


VICTOR A. PALLARES, M.D., Appellee.

____________________________________________________________________


On appeal from the 138th District Court of Cameron County, Texas.

____________________________________________________________________

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Yañez


Appellant, Jose Carmen Delgado, brought suit against Dr. Victor Pallares, alleging medical malpractice. The trial court
granted summary judgment for Dr. Pallares, from which Delgado now appeals. We affirm.

In a traditional summary judgment proceeding, the appellate standard of review is whether the successful movant at the trial
level carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a
matter of law. American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548 (Tex. 1985). To succeed on a summary judgment, a defendant must disprove as a
matter of law one or more of the elements essential to the plaintiff's claims. Anderson v. Snider, 808 S.W.2d 54, 55 (Tex.
1991); Noriega v. Mireles, 925 S.W.2d 261, 266 (Tex. App.--Corpus Christi 1996, writ denied). If a summary judgment is
granted generally, without specifying the reason, it will be upheld if any ground in the motion for summary judgment can
be sustained. Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999); Weakly v. East, 900 S.W.2d 755, 758 (Tex.
App.--Corpus Christi 1995, writ denied). The affidavit of an interested expert witness, such as a defendant doctor, can
support summary judgment if the subject matter is such that a trier of fact would be guided solely by the opinion testimony
of experts, provided the affidavit is clear, positive and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted. See Tex. R. Civ. P. 166a(c); Anderson, 808 S.W.2d at 55; Boren
v. Bullen, 972 S.W.2d 863, 864-65 (Tex. App.--Corpus Christi 1998, no pet.). If an interested expert witness presents
legally sufficient evidence in support of a motion for summary judgment, the opposing party must produce other expert
testimony to controvert the claims. Anderson, 808 S.W.2d at 55.

Appellee supported his motion for summary judgment with his own affidavit as an expert witness. The affidavit is clear,
positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily
controverted and is legally sufficient to support the motion. The affidavit states the standard of care and details how
appellee complied with the standard. Appellee's affidavit presents legally sufficient evidence to support the summary
judgment and appellant did not produce any expert testimony to controvert appellee's affidavit. The trial court did not err
in granting summary judgment for the appellee.

The judgment of the trial court is AFFIRMED.

 

LINDA REYNA YAÑEZ

Justice




Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

28th day of June, 2001.