NUMBER
13-01-00307-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

 

MARIO ALBA,                                                                    Appellant,

 

                                                   v.

 

NUECES COUNTY SHERIFF=S
DEPARTMENT,

SHERIFF LARRY OLIVAREZ
IN HIS OFFICIAL

CAPACITY, AND THE
NUECES COUNTY CIVIL

SERVICE COMMISSION,                                                      Appellees.

 

      On appeal from the
28th District Court of Nueces County, Texas.

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                 Opinion by
Justice Hinojosa

 








This is an appeal from
the trial court=s order granting the
motion for summary judgment of appellees, Nueces County Sheriff=s Department (ASheriff=s Department@), Sheriff Larry
Olivarez in his official capacity (ASheriff@), and the Nueces County
Civil Service Commission (ACommission@).  In a single issue,  appellant, Mario Alba, contends the trial
court erred in granting the motion.  We
affirm.

A.  Background 

On April 11, 2000, the
Sheriff=s Department terminated
Alba=s employment for
disciplinary reasons.[1]  Alba appealed his termination to the
Commission.  After a hearing, the
Commission ordered that Alba be reinstated; however, it did not order that Alba
be given back pay and benefits.  Alba
appealed the Commission=s order to the trial
court.  Appellees filed a motion for
summary judgment asserting that section 158.012 of the Texas Local Government
Code did not allow Alba to appeal the Commission=s decision to the trial court.  The trial court granted the motion for
summary judgment.  Alba filed a motion
for new trial, but it was denied.  

B.  Summary
Judgment








In a traditional summary
judgment proceeding, the appellate standard of review is whether the successful
movant at the trial level carried his burden of showing there is no genuine
issue of material fact and that the judgment should be granted as a matter of
law.  Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548 (Tex. 1985).  In
determining whether the movant carried this burden, evidence favorable to the
nonmovant must be taken as true.  Id. at
548-49.  The nonmovant must be given the
benefit of all doubts and reasonable inferences.  Id. at 549.  To succeed on a summary judgment, a defendant
must disprove as a matter of law one or more elements essential to the
plaintiff=s claims.  Anderson v. Snider, 808 S.W.2d 54, 55
(Tex. 1991).  Alternatively, a defendant
is entitled to summary judgment based on an affirmative defense if he proves
conclusively all of the elements of the affirmative defense as a matter of law.  Montgomery v. Kennedy, 669 S.W.2d 309,
310-11 (Tex. 1984).  

1.  Summary Judgment Evidence

Alba sought recovery
under section 158.012(a) of the local government code, which provides that Aa county employee who,
on a final decision by the commission, is demoted, suspended,
or removed from the employee=s position may appeal
the decision by filing a petition in a district court in the county within 30
days after the date of the decision.@  Tex.
Loc. Gov=t Code Ann. '
158.012(a) (Vernon 1999) (emphasis added).

In their motion for
summary judgment, appellees claimed that section 158.012 did not allow Alba to
appeal the Commission=s decision.  As summary judgment evidence, appellees
attached Alba=s petition to their
motion for summary judgment.   Alba
states in his petition that the Commission ordered he be reinstated.  Appellees contend that reinstatement is not
the equivalent of demotion, suspension, or removal, and that Alba=s statement admits a
fact contrary to his theory of recovery. 
As further summary judgment evidence, appellees attached an affidavit
from the custodian of county records, wherein the custodian sets out that the
Commission reinstated Alba.

2.  Analysis

In his response to
appellees= motion for summary
judgment, Alba stipulated there is no genuine issue of material fact in this
case.  Therefore, the only issue for this
Court to consider is the legal interpretation of the facts and their proper
application to the law.  Since appellees
moved for summary judgment on an affirmative defense, we need only consider if
appellees proved their defense conclusively as a matter of law.








Section 158.012 allows
an employee to appeal a decision of the Commission to a district court, if the
Commission=s final decision was
demotion, suspension, or removal.  Id.  The Commission=s final decision in Alba=s case was
reinstatement.  Alba contends that the
time period between his termination and reinstatement was the equivalent of a
suspension as contemplated by the statute.

The cardinal rule of statutory
construction is to discern and give effect to the intent of the acting
body.  Rosenblatt v. City of Houston,
31 S.W.3d 399, 403 (Tex. App.BCorpus Christi 2000,
pet. denied).  We must first seek to
discern that intent from the plain language of the statute.  Id. 
We use the commonly understood, everyday meaning of the word Asuspended@ when interpreting the
statute.  See Tex. Gov=t.
Code Ann. '
311.011 (Vernon
Supp. 2002).

Black=s Law Dictionary defines
Asuspension@ in this context as Atemporary withdrawal or
cessation from employment as distinguished from permanent severance accomplished
by removal.@  Black=s
Law Dictionary 1447 (6th ed. 1990) (emphasis added). 
According to this definition, a suspension has the following three
characteristics: (1) the employee is removed from employment with the intent
that the removal be temporary; (2) he is absent from employment for some period
of time; and (3) he is reinstated, resuming his employment.

While Alba was absent
from employment for some time, and was subsequently reinstated, his initial
removal was intended to be permanent. 
Accordingly, we conclude Alba=s termination, absence,
and subsequent reinstatement is not the equivalent of a suspension.








When construing a
statute, whether or not the statute is ambiguous on its face, we may consider
such matters as the object sought to be attained by the statute.  Tex.
Gov=t
Code Ann. '
311.023 (Vernon
Supp. 2002).  Section 158.012 seeks to
provide appellate review by a district court to those who receive an adverse
order from the Commission, i.e., demotion, suspension, or removal.  Tex.
Loc. Gov=t Code Ann. '
158.012(a).  According to the rules of construction, we
presume the words Ademoted,@ Asuspended,@ and Aremoved@ were intended to have
meaning and purpose.  See Rosenblatt,
31 S.W.3d at 403-04.  Their
inclusion, therefore, clearly eliminates the possibility that all orders from
the Commission are appealable to the district court.  

C.  Conclusion

Because the Commission=s final decision did not
demote, suspend, or remove Alba from his employment with the Sheriff=s Department, we hold
the trial court did not err in granting appellees= motion for summary judgment.  Appellant=s sole issue is overruled.

We affirm the trial
court=s order granting
appellees= motion for summary
judgment.

 

 

FEDERICO G.
HINOJOSA

Justice

 

Publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

12th day of September, 2002. 











[1]
Alba was accused of
assaulting an inmate, but he was never indicted.