11th Court of Appeals
Eastland, Texas
Opinion

Patricia Walker

      Appellant

Vs.          No. 11-99-00210-CV –Appeal from Eastland County

Dickey Ray Gleaton and
Fleetline, Inc.

      Appellees

This is a personal injury lawsuit arising out of a vehicle accident. Appellees, Dickey Ray Gleaton and Fleetline, Inc., filed a joint no-evidence summary judgment motion which was granted by the trial court. TEX.R.CIV.P. 166a(i). The trial court found that appellant, Patricia Walker, had produced no evidence that appellees breached any duty owed to appellant or that any of appellant's injuries were proximately caused by the acts of appellees. Appellant contends on appeal that the trial court erred in: (1) granting the appellees' motion for no-evidence summary judgment as to breach of duty; (2) granting the appellees' motion for no-evidence summary judgment as to proximate cause; (3) considering the damages element of negligence as it was not specifically raised by appellees' motion; and (4) striking certain portions of appellant's summary judgment evidence. We affirm.

During the early morning hours of November 6, 1996, Patricia Walker was a passenger in a truck being driven by Harry Jordan. As they were traveling west on Interstate Highway 20, Jordan fell asleep and lost control of his truck. The truck ran into the guardrail, spun around, and came to rest perpendicular to the flow of traffic on I-20, across both lanes of traffic. Walker was injured in this collision, but she and Jordan exited the truck without assistance.

At that time, Dickey Ray Gleaton, a driver employed by Fleetline, Inc., was driving his tractor trailer westbound on I-20. He came over a rise in the highway and saw Jordan's disabled and unlit truck sitting across both lanes of traffic. Gleaton also saw Jordan and Walker standing in the middle of I-20, in front of the disabled truck. Gleaton applied his brakes and swerved to the right in an

attempt to avoid a collision. However, Gleaton did not completely avoid Jordan's truck, and approximately two feet of the front driver-side portion of his truck collided with the rear driver-side portion of Jordan's truck. Upon coming to a complete stop, Gleaton went back to check on Jordan and Walker. Although Jordan appeared to be alright, Walker was lying on I-20. Walker sued Gleaton and Fleetline, alleging that Gleaton was liable for negligently colliding with Jordan's truck and that Fleetline was vicariously liable. Walker's theory was that the collision caused Jordan's truck to spin around and strike her, knocking her to the ground. Neither Walker nor Jordan have any memory of the accident or the events that occurred immediately thereafter.

In reviewing a no-evidence summary judgment, we accept as true evidence in favor of the non-movant and indulge every reasonable inference and resolve all doubts in favor of the non-movant. Hight v. Dublin Veterinary Clinic, ___ S.W.3d ___ (11-99-00151-CV, Tex. App.–Eastland, June 8, 2000, no pet'n h.)(not yet reported). The relevant inquiry is whether the non-movant produced any probative evidence that raised a genuine issue of material fact. Hight v. Dublin Veterinary Clinic, supra. The summary judgment was erroneously granted if the non-movant produced more than a mere scintilla of evidence in response to the no-evidence motion for summary judgment. Hight v. Dublin Veterinary Clinic, supra. The non-movant's evidence amounts to more than a mere scintilla if it "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." Hight v. Doublin Veterinary Clinic, supra. Conversely, if the non-movant's evidence does not reach this threshold level, it does not amount to more than a mere scintilla and the trial court properly granted the no-evidence summary judgment. Hight v. Dublin Veterinary Clinic, supra.

We first address appellant's third issue. Appellant contends that whether she produced evidence on the element of "damages" is not before this court as that element was not specifically challenged in appellees' motion as required by Rule 166a(i). We disagree.

In their motion for summary judgment, appellees asserted that appellant had no evidence, and could produce no evidence, "that her injuries were proximately caused by the acts or omissions of" appellees. At trial on her negligence cause of action, the burden would have been on appellant to establish, by a preponderance of the evidence, that: (1) appellees owed a legal duty to appellant; (2) appellees breached that duty; and (3) the breach of that duty proximately caused appellant's damages.

Greater Houston Transportation Co. v. Phillips, 801 S.W.2d 523, 525 (Tex.1990). Appellees' motion effectively challenged the third element of a negligence cause of action. See Greater Houston Transportation Co. v. Phillips, supra. To state "injuries were proximately caused by" is, in effect, the same thing as challenging "proximate cause" and "damages" separately. Appellant's third issue is overruled.

In her second issue, appellant argues that she produced some evidence in response to the no-evidence summary judgment motion on the issue of proximately caused damages. Appellant points to excerpts from Gleaton's deposition, appellees' pleadings, and the affidavit and report of John H. Painter, an accident reconstructionist, as sufficient evidence to defeat the summary judgment.

We must, therefore, initially address appellant's fourth issue, in which she asserts that the trial court erred in striking Painter's affidavit from the summary judgment evidence. The only portion of the expert's affidavit that purports to deal with proximately caused damages is Paragraph No. 11, which reads in its entirety:

> Also, in my opinion, Dickey Ray Gleaton's collision with the disabled motor vehicle in the highway caused it to spin and strike Patricia Walker, thereby impacting her body. These actions of Dickey Ray Gleaton were the proximate cause, as that term is defined in the attached and incorporated Exhibit 3 to this affidavit, of his vehicle striking the disabled motor vehicle, which then caused the disabled motor vehicle to strike Patricia Walker.

The trial court did not abuse its discretion in striking this portion of Painter's affidavit for three reasons. See United Blood Services v. Longoria, 938 S.W.2d 29, 30 (Tex.1997). As an accident reconstructionist, Painter may be qualified to offer opinions as to reaction times, braking distances, and the like. Appellant, however, has not established Painter's competency to testify as to the physical effects of the accident. See Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 661 (Tex.1995). Also, Painter's affidavit does not disclose what facts he relied upon to conclude that Jordan's truck spun around and struck appellant. See Anderson v. Snider, 808 S.W.2d 54, 55 (Tex.1991). Finally, legal conclusions are not competent summary judgment evidence. Anderson v. Snider, supra. Appellant's fourth issue is overruled.

We now return to a consideration of appellant's second issue. In response to the no-evidence summary judgment motion, appellant bore the burden of producing some evidence that linked her claimed damages and appellees' conduct. See Haynes & Boone v. Bowser Bouldin, LTD., 896

3

S.W.2d 179, 181 (Tex.1995). Appellant has failed to do so. Appellant contends that, even without the benefit of her expert's affidavit, the deposition testimony of Gleaton, standing alone, is some evidence of proximately caused damages. Gleaton observed that appellant was standing upright prior to the collision between his tractor trailer and Jordan's truck, but was lying on the roadway subsequent to that collision. This is not evidence that Jordan's truck spun around and struck her. Moreover, there is no evidence, medical expert or otherwise, that this alleged contact caused any damages in addition to those caused by the original accident. See Texarkana Memorial Hospital, Inc. v. Murdock, 946 S.W.2d 836, 840 (Tex.1997).

We realize that summary judgment is a harsh result. This is particularly true when appellant herself has no memory of the events in question. However, it would be inconsistent with the underlying purpose of the no-evidence summary judgment to force a defendant to contest a point at trial on which a plaintiff has no evidence. Appellant, after an adequate time for discovery, produced no evidence that any action of appellees proximately caused any of her damages. Appellant's second issue is overruled.

Because we hold that the trial court properly granted the no-evidence summary judgment on the issue of proximately caused damages, we do not reach appellant's first issue which challenges the trial court's judgment on the issue of breach of duty.

The judgment of the trial court is affirmed.

W. G. ARNOT, III
CHIEF JUSTICE

July 27, 2000

Do not publish. See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.

4