COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-07-262-CV

 

 

 

WILLIAM WYROSKI                                                             APPELLANT

 

                                                   V.

 

DANNY R. CHOATE AND                                                       APPELLEES


INSULTECH OF TEXAS,
INC.,

D/B/A
INSULTECH                                                                               

 

------------

 

FROM
THE 352ND DISTRICT
 COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM
OPINION[1]
ON REHEARING

 

------------

I.  Introduction








On February 28, 2008, this
Court issued an opinion affirming the trial court=s judgment.  Appellant William
Wyroski filed a motion for rehearing. 
After due consideration, we deny Wyroski=s motion for rehearing, but we withdraw our opinion and judgment dated
February 28, 2008, and substitute the following.  Our disposition of this case remains
unchanged.

This is a summary judgment
appeal.  Wyroski sued Appellees Danny
Choate and Insultech of Texas, Inc. (Insultech), claiming that he and Choate
were equal partners of Insultech and that when he left Insultech, Choate failed
to pay him half of Insultech=s book value as the two had purportedly verbally agreed.  Appellees moved for summary judgment, the
trial court granted summary judgment, and now Wyroski brings four grounds[2]
in this appeal challenging the summary judgment in favor of Choate and
Insultech.  We will affirm.

II.  Factual and Procedural Background








In early 2003, Wyroski, who
has over twenty years of experience in the business of installing and servicing
heating, venting, and air conditioning (HVAC) systems, lost his job when his
company downsized.  Choate had previously
worked with Wyroski, and when Wyroski left his job, he, Choate, and a mutual
friend discussed working in a HVAC business together.  The deposition testimony varied as to whether
the three were to be equal partners in the business or whether Choate was to be
the boss and sole owner of the company. 
But Wyroski claimed that, even though many specifics of the joint
ownership were not discussed and nothing was put into writing, the three
nevertheless intended to be equal partners of Insultech. 

By late 2004, Wyroski and
Choate were fighting, and Wyroski decided to leave Insultech (the mutual friend
had left Insultech shortly after he began working there).  Wyroski asked for half of the book value of
Insultech, and, according to Wyroski=s original petition, Choate agreed to buy Wyroski Aout of his 50% of the business using Insultech book values for the
year end 2004 as the basis for the valuation of . . . Wyroski=s 50% share.@

Choate never paid Wyroski, so
Wyroski brought suit on breach of contract, quantum meruit, unjust enrichment,
and promissory estoppel claims.  After
discovery, Choate and Insultech filed a combined traditional and no-evidence
motion for summary judgment, asserting as one of four bases for summary
judgment that Wyroski had no damages. 
The trial court granted Choate and Insultech=s motion without stating the ground on which it based the summary
judgment.  Wyroski now appeals.

III.  Standards of Review








In a traditional summary
judgment case, the issue on appeal is whether the movant met the summary
judgment burden by establishing that no genuine issue of material fact exists
and that the movant is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211,
215 (Tex. 2002); City of Houston
v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.

When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant=s position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). 

A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.  IHS
Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).  Once the defendant produces sufficient
evidence to establish the right to summary judgment, the burden shifts to the
plaintiff to come forward with competent controverting evidence raising a
genuine issue of material fact with regard to the element challenged by the defendant.  Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex.
1995).








After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer &
Pritchard, P.C., 73 S.W.3d 193, 207 (Tex.
2002).  The trial court must grant the
motion unless the nonmovant produces summary judgment evidence that raises a
genuine issue of material fact.  See
Tex. R. Civ. P. 166a(i) &
cmt.; Sw. Elec. Power Co., 73 S.W.3d at 215.

When reviewing a no-evidence
summary judgment, we examine the entire record in the light most favorable to
the nonmovant, indulging every reasonable inference and resolving any doubts
against the motion.  Sudan v. Sudan,  199 S.W.3d 291, 292 (Tex. 2006).  If the nonmovant brings forward more than a
scintilla of probative evidence that raises a genuine issue of material fact,
then a no-evidence summary judgment is not proper.  Moore v. K Mart Corp., 981 S.W.2d 266,
269 (Tex. App.CSan Antonio
1998, pet. denied). 

IV.  Choate and Insultech=s Summary Judgment Evidence








In support of their Ano damages@ ground for
traditional summary judgment, Choate and Insultech attached the affidavit of
Insultech=s certified
public accountant as summary judgment evidence. 
That affidavit establishes that, under generally accepted accounting
principles (GAAP), at the end of 2004 Insultech=s book value was negative $159,314.  Insultech=s balance sheet, showing the breakdown of its assets, liabilities, and
stockholder=s equity, is
attached to the accountant=s affidavit.  Thus, Choate and
Insultech conclusively negated the damages element of Wyroski=s claimCeven if
Wyroski was entitled to 50% of the book value of Insultech at the end of 2004,
that value was negative.  See Mason,
143 S.W.3d at 798.  Consequently, the
burden shifted to Wyroski to present controverting summary judgment evidence
raising a genuine issue of material fact concerning the book value of the
company at the end of 2004.  See
Centeq Realty, Inc., 899 S.W.2d at 197.








Wyroski apparently attempted
to meet this burden by attaching his deposition as summary judgment
evidence.  In his deposition, Wyroski
attacks the valuation method used by Insultech=s accountant as reflecting an inherently unreliable figure because it
failed to take into account earning capacity, going concern, or goodwill
values.  But Wyroski presented no summary
judgment evidence that a book value calculation based on something other than
GAAP should be used (i.e., using the items urged by Wyroski), was commonly used
in the industry, or was actually agreed upon by he and Choate.  In fact, the only potential summary judgment
evidence proffered by Wyroski concerning the company=s value was his own testimony that Choate had told him that the
company had a $700,000 net profit.[3]








Wyroski=s deposition testimony concerning his belief as to the book value of
the company in the fall of 2004, even viewed in the light most favorable to
Wyroski, does not raise a genuine issue of material fact controverting the
summary judgment evidence that Insultech had a negative book value at the end
of 2004.[4]  See Anderson v. Snider, 808 S.W.2d 54,
55 (Tex.
1991) (stating that A[l]ay
testimony is insufficient to refute an expert=s testimony@ in summary
judgment proceedings).  Thus, Wyroski
failed to meet the summary judgment burden that shifted to him when Choate and
Insultech conclusively negated the damages element of Wyroski=s claim.  See Centeq Realty,
Inc., 899 S.W.2d at 197.  We hold
that the trial court did not err by granting Choate and Insultech=s motion for summary judgment on Wyroski=s breach of contract claim.








In the alternative, Wyroski
asserts equitable claims against Choate for quantum meruit, unjust enrichment,
and promissory estoppel.  Choate filed a
no-evidence motion for summary judgment on all claims, including these, and our
evaluation of the record has uncovered no evidence of any amount of damages
asserted by Wyroski against Choate concerning these equitable theories.  Wyroski first claimed that he had worked
without pay for a period of time but admitted that he received a weekly
paycheck and a W2 form for most of the time that he was with the company.  Wyroski further claimed that he had bought
materials for the company without being fully reimbursed.  Wyroski provided no specifics on exactly
which materials he bought, where he bought them, how much he paid for them, or
how much he was reimbursed.  When
questioned whether he had Aany idea or concept to quantify . . . the amount you gave or the
amount that you were reimbursed,@ Wyroski admitted that he did not. 
And while he said that he could provide documents showing these amounts,
Wyroski never produced any documents, to rebut Choate=s no-evidence motion for summary judgment concerning damages related
to the equitable theories.  Accordingly,
we hold that the trial court did not err by granting Choate and Insultech=s no-evidence motion for summary judgment on Wyroski=s equitable claims.[5]








V.  Conclusion

Having determined that summary judgment was proper in this case,
we affirm the trial court=s judgment.

 

SUE WALKER                                                                              JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN and WALKER, JJ.

                                                    

DELIVERED: June 19, 2008

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                                                                        











[1]See Tex. R. App. P. 47.4.





[2]Appellant
uses the term Agrounds@ to
describe the issues he presents on appeal; we, therefore, will similarly refer
to his issues presented as grounds of error.





[3]After
testifying that Choate had told him that the company had a $700,000 net profit,
Wyroski testified to the following:

 

Q.     Well, it sounds like that -- that your
understanding of what the value of the company was always from what [Choate]
was telling you.

 

A.     Correct.

 

Q.     Okay. 
Did you ever independently calculate the value of the company?

 

A.     No, I did not.

 

Q.     Did you ever see anything that reflected
the value of the company at any time before you left, other than what [Choate]
showed you . . . ?

 

A.     No, I did not.

 

Q.     Did you -- anybody else talk to you about
the value of the company?

 

A.     No.

 

Q.     And do you have any other basis for
estimating the value of the company at that time, in October -- the fall of >04,
other than what you=ve
told me about so far?

 

A.     Just our conversations.

 





[4]Although
Wyroski testified that he once saw the $700,000 figure on Choate=s
computer, Wyroski admitted that the numbers on Choate=s
computer were a reflection of the Acircle@ of
both incoming and outgoing money from Insultech.  When specifically asked about where the
$700,000 was, Wyroski said that it was in A[s]ome bank@
where the money was Acoming
in@ but Amostly
going out.@





[5]Choate
and Insultech are entitled to summary judgment because they conclusively
negated the damage element of all of Wyroski=s claims and because Wyroski
presented no evidence of damages on his equitable claims; consequently, we need
not address the remaining grounds presented in this appeal by Wyroski.  See FM Props. Operating Co. v. City of
Austin, 22 S.W.3d 868, 872B73 (Tex. 2000) (holding where summary judgment
does not specify grounds relied on, reviewing courts are to affirm if any
ground is meritorious); Ross v. Arkwright Mut. Ins. Co., 892 S.W.2d 119,
130 (Tex. App.CHouston
[14th Dist.] 1994, no writ) (recognizing that because defendant is entitled to
summary judgment based on its negation of damage element of plaintiff=s
claim, it is unnecessary to consider remaining grounds presented in the
motion).